Harry B. Arena, Elizabeth Vetoll, Sibarco Stations, Inc. *v.* Norristown Borough Zoning Board of Adjustment.

Argued February 8, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER, and ROGERS.

*Philip D. Weiss,* with him *Desmond J. McTighe* and *McTighe, Koch, Brown & Weiss,* for appellant.

*Mark E. Weand, Jr.,* with him *Timoney, Knox, Avrigian & Hasson,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 22, 1971:

This is an appeal from an Order of the Common Pleas Court of Montgomery County which upheld the decision of the Norristown Board of Adjustment. It is without merit.

Appellants are owners or parties of interest of two contiguous plots located at the edge of the "B" Residential area of Norristown and fronting on one of the main traffic arteries of the Borough. To the *east* and

*south* of these properties two shopping centers have been developed in commercial zones and to the *north* a number of residential properties have been converted to office and commercial use. The block upon which these properties are situated is used exclusively for residential purposes, and the individual appellants have resided there continuously for about twenty years. In addition, there are to the *west*, or rear, of the premises residential properties, consisting of apartments and single dwellings.

The corporate appellant, equitable owner of the properties, proposes to erect a gasoline service station. To accomplish their purpose, appellants have twice attempted to have the entire block rezoned Commercial. Both efforts failed. Subsequently, an application for a variance was filed with the Borough, and it was refused by the Zoning Board of Adjustment on the finding that there had been "no showing of unnecessary or exceptional hardship that would make this land unsuitable for residential use." The Board's refusal was upheld on appeal by the Court of Common Pleas of Montgomery County upon the opinions filed by the Board.

Before this Court, appellants contend that the Board committed a manifest abuse of discretion or error of law in finding that there was no hardship upon which to base the grant of a variance, and further that the "B" Residential zoning classification of their property is unconstitutional. With neither of these contentions do we agree. "Since the court below took no additional testimony, our function is to determine whether the Board of Adjustment clearly abused its discretion or committed an error of law. Mulac Appeal, 418 Pa. 207, 210 A. 2d 275 (1965) ; Cleaver v. Bd. of Adjustment, 414 Pa. 367, 200 A. 2d 408 (1964) ; Jasy Corp. v. Board of Adjustment, 413 Pa. 563, 198 A. 2d 854 (1964). Finding neither a clear abuse of discretion nor an error of law in the determination of the board of adjustment,

its conclusion will be affirmed." *Polizzi v. Zoning Bd. of Adjustment,* 420 Pa. 405, 407, 218 A. 2d 226 (1966).

The findings of the Board on the hardship issue are clearly set out as follows: "It is true that extensive commercial development has been undertaken in the immediate vicinity and that the area in general is less desirable for residential use than it was prior to the construction of Logan Square. However, there are numerous residential properties in the area to the north and west, and the condition complained of affects the whole neighborhood and not merely the applicant's properties. This is a general hardship, not a unique one, and therefore the situation should be remedied by a revision of the general zoning regulation and not by grant of special privileges to single owners." Where the hardship alleged is a matter for general legislation in the form of reconsideration of general zone boundaries, neither the Board nor the court should usurp the legislative function on a case by case basis absent the showing that a particular property is subject to such hardship as to prohibit the permitted zoned use. *English v. Zoning Board of Adjustment,* 395 Pa. 118, 148 A. 2d 912 (1959); Ryan, *Pennsylvania Zoning,* §6.2.7 (1970). There being sufficient evidence to substantiate a finding that the alleged hardship was common to the whole neighborhood, we hold that the Board was justified in refusing to grant the requested variance.

Turning to appellants' argument that the "B" Residential classification is unconstitutional as applied to appellants, they rely in part upon *Pierce v. Zoning Board of Adjustment,* 410 Pa. 262, 189 A. 2d 138 (1963). However, the portion of the case dealing with constitutionality reads in part: "Pierce well argues that the position of the Board is: 'We are inclined to agree that your land is being confiscated; however, the land of your neighbors is equally being confiscated; therefore there is nothing unique in the confiscation taking place

with respect to your land. . . .' As a practical matter, if this variance be denied, Pierce's land is being confiscated. . . . 410 Pa. at 267." The matter before us presents no question of confiscation. The appellants have occupied and enjoyed the use of their property for the residentially zoned purposes approximately twenty years and continue to do so. They do not allege that because of the changing conditions they can no longer live there nor that they could not sell their property for the permitted use. We can conceive of no theory by which we could hold a zoning ordinance unconstitutional merely because a property owner situated on the border of a commercial zone is not permitted to use his residentially zoned property for a more profitable commercial use.

Affirmed.