Commissioners of Plymouth Township, Appellant, *v.* Raymond E. Wannop, Appellee.

Argued April 5, 1974, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

238

*Arthur Lefkoe,* with him, of counsel, *Wisler, Pearlstine, Talone, Craig & Garrity,* for appellant.

*Roger B. Reynolds, Jr.,* for appellee.

OPINION BY JUDGE MENCER, June 5, 1974:

On February 23, 1971, Raymond E. Wannop (Wannop) filed an application for a variance with the Zoning Hearing Board of Plymouth Township (Board), Montgomery County, to permit the erection of a gasoline service station on a tract of ground 200 feet square which is presently zoned "A Residential."

The tract in question is situate just south of Township Line Road which divides Plymouth Township and Whitpain Township. North of the tract, in Whitpain Township, is the Blue Bell Office Campus, zoned "Administrative-Research." East of the tract, across Walton Road in Plymouth Township, on land zoned "A and B Residential" with a special exception for religous and educational use, is the church, school, rectory, and convent of the Epiphany Roman Catholic Church. Directly east and south of the church is a residential development called Arrowhead which is zoned "B Residential." South of the tract, along both sides of Walton Road, the land is zoned "A Residential." West of the tract, in Plymouth Township, is land zoned "Campus Industry."

Wannop owns not only the tract which is the subject of the variance application, but also a home to the south and land to the west thereof. Immediately south of Wannop's home is a home owned by his brother.

The Board held hearings on the application and, on June 21, 1971, entered an order denying the application. Wannop appealed from this order to the Court of Common Pleas of Montgomery County which sustained the appeal, reversed the Board, and directed the issuance of permits for the construction of a gasoline service station. This appeal followed and we reverse the court below.

Although the court below did not hold an additional hearing, it did view the tract in question and the surrounding area and also permitted Wannop to submit a copy of a decision of the Board, dated December 20, 1972, pertaining to the property adjacent to the subject tract. Since additional evidence was considered by the court below, our review is not whether the Board, but whether the Court, abused its discretion. *Marple Township Appeal,* 440 Pa. 508, 269 A. 2d 699 (1970) ; *Beebe v. Media Zoning Hearing Board,* 5 Pa. Commonwealth Ct. 29, 288 A. 2d 557 (1972).

Here, as in most variance cases, the difficult aspect is the application of established rules or principles to the particular factual situation that prevails. We recently summarized these rules in *Surrick v. Upper Providence Township Zoning Hearing Board,* 11 Pa. Commonwealth Ct. 607, 613-14, 314 A. 2d 565, 568 (1974), when we wrote: "When seeking a variance, an applicant must prove '(a) that the effect of the zoning ordinance is to burden his property with an unnecessary hardship which is unique to his particular property; and (b) that the variance would not have an adverse effect upon the public health, safety or welfare.' Sposato v. Radnor Township Board of Adjustment, 440 Pa. 107, 109-110, 270 A. 2d 616, 617 (1970). 'A variance should be granted only in exceptional circumstances and the burden of proving its need is a heavy one.' The Boulevard Land Corporation v. Zoning Board of Adjustment, 8 Pa. Commonwealth Ct. 584,

586, 303 A. 2d 234, 235 (1973). An unnecessary hardship can be established: '(1) by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense . . . or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance. . . .' Philadelphia v. Earl Scheib Realty Corp., 8 Pa. Commonwealth Ct. 11, 17, 301 A. 2d 423, 426 (1973). 'Mere economic hardship will not support the grant of a variance . . . except where the zoning regulations complained of render the complainant's property practically valueless.' Colonial Park for Mobile Homes, Inc. v. Zoning Hearing Board, 5 Pa. Commonwealth Ct. 594, 599, 290 A. 2d 719, 722 (1972)."

The application of these principles to the record in this case leads only to one possible conclusion; namely, that Wannop failed to carry the heavy burden necessary to warrant the grant of a variance.

The record is devoid of evidence that would support a showing that the physical characteristics of the property were such that it could not be used for the permitted residential purpose. No effort was made to prove that the tract was either without value or of only distress value as a residential property.

Wannop was questioned by the attorney for one of the protestants: "Q. Mr. Wannop, have you ever made any effort to determine whether your property has any market for residential purposes? A. All I know is I wouldn't build a house there. Q. I didn't ask you that question. Have you made any effort to determine whether you could find a buyer for residential purposes? A. No."

Wannop was asked by a Mrs. Shivers, one of the protestants: "Q. Have you advertised as far as selling it for a residential piece of property? A. The property has never been advertised. It was never put up for sale on any market in any way, shape, or form. We have been pestered with these people coming. When pestered by these people, I mean also the real estate men stop there every couple of weeks and they leave cards and pester you and see you sitting there and they stop. They just ride around and see an open piece of ground, they come in and pester you."

Here we have a record that fails to establish that the tract was without value or of only distress value as a residential property. We recognize that our Supreme Court has sustained findings of unnecessary hardship where no evidence of an attempt to sell was made a part of the record,[1] but here Wannop was "pestered" by real estate men wanting his property and we do not conclude that he has established an unnecessary zoning hardship. Wannop's evidence simply does not establish that his land cannot reasonably be used as zoned. *See The Boulevard Land Corporation v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 584, 303 A. 2d 234 (1973).

We hold that this case is controlled by *Arena v. Norristown Borough Zoning Board of Adjustment,* 2 Pa. Commonwealth Ct. 285, 276 A. 2d 838 (1971). In *Arena* the facts were strikingly similar. The variance sought was for the purpose of erecting a gasoline service station. Appellants were owners or parties of interest of two contiguous plots located at the edge of the "B Residential" area of Norristown and fronting on one of the main traffic arteries of the Borough. To the east and south of these properties two shopping centers

---

[1] *See Zoning Board of Adjustment v. Koehler,* 2 Pa. Commonwealth Ct. 260, 278 A. 2d 375 (1971).

had been developed in commercial zones and to the north a number of residential properties had been converted to office and commercial use. The block upon which these properties were situated was used exclusively for residential purposes, and the individual appellants had resided there continuously for about twenty years. In addition, there were to the west, or rear, of the premises residential properties, consisting of apartments and single dwellings.

In *Arena* the Board found that extensive commercial development had been undertaken in the immediate vicinity and that the area in general was less desirable for residential use than it was prior to the construction of Logan Square; that, however, there were numerous residential properties in the area to the north and west, and the condition complained of affected the whole neighborhood and not merely the applicant's properties; that this was a general hardship, not a unique one, and therefore the situation should be remedied by a revision of the general zoning regulation and not by grant of special privileges to single owners.

We held in *Arena* that, where the hardship alleged is a matter for general legislation in the form of reconsideration of general zone boundaries, neither the board nor the court should usurp the legislative function on a case by case basis absent the showing that a particular property is subject to such hardship as to prohibit the permitted zoned use.

Wannop has presented a rather persuasive case for a rezoning of the area encompassing his property. However, we should be mindful of the admonition given in *Crafton Borough Appeal,* 409 Pa. 82, 90, 185 A. 2d 533, 537-38 (1962), when our Supreme Court stated: "A rezoning and a variance are fundamentally different and a board of adjustment has jurisdiction only where there is a request for a variance and not where it is for a rezoning under the guise of a variance: Lukens v. Ridley

Township Zoning Board, 367 Pa. 608, 613, 80 A. 2d 765; Volpe Appeal, 384 Pa. 374, 378, 121 A. 2d 97; Catholic Cemeteries Association Zoning Case, 379 Pa. 516, 520, 521, 109 A. 2d 537; Richman v. Zoning Board of Adjustment, supra, p. 259. In Richman, supra, this Court stated (p. 259): 'A variance is a departure from the letter, but not the spirit, of the zoning statute. It is not to be considered that a rezoning may be accomplished under the guise of the grant of a variance.' What the owner of this property actually seeks to accomplish is a rezoning of this property from residential to commercial; that cannot and should not be done under the guise of a request for a variance."

Likewise, it should not be done here. We must conclude that the court below committed an abuse of discretion.

Order reversed.