Radnor Township, Appellant, *v.* Anthony Falcone, Appellee.

284

Argued October 9, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Eugene H. Evans*, with him *Fronefield, DeFuria & Petrikin*, for appellant.

*Reese A. Davis*, with him *Robert E. Porter* and *Greenwell, Porter, Smaltz & Royal*, for appellee.

OPINION BY JUDGE KRAMER, November 25, 1974:

This is an appeal by Radnor Township (Township) from a decision of the Court of Common Pleas of Delaware County, which reversed an order of the Radnor Township Zoning Hearing Board (Board) and granted Anthony Falcone (Falcone) a variance.

Falcone is the owner of a tract of land located in an "R-5 Residence District" of the Township. Multiple

dwellings or apartment buildings are a permitted use in an R-5 Residence District. Falcone applied for a permit to construct an apartment building on his property. The structure proposed by Falcone would contain 97 units (the maximum permitted on the subject property) and would be eight stories high and 220 feet long. The Township's Director of Licenses and Inspections refused to issue the permit because section 902(d) of the Township Zoning Ordinance (ordinance) limits the height of apartment buildings in R-5 Residence Districts to four stories or 40 feet and section 902(e) of the ordinance restricts the greatest horizontal dimension of such a building to 160 feet. On February 1, 1973, Falcone appealed to the Board for a variance from these sections. A hearing was held on February 22, 1973 and the Board, on March 23, 1973, affirmed the order of the Director of Licenses and Inspections and dismissed Falcone's appeal. On April 3, 1973, Falcone filed an appeal from the Board's decision with the lower court, and on April 17, 1973 the Township filed its notice of intervention. Before the court below Falcone argued (1) that the height and dimension regulations involved are unconstitutional and (2) that the Board either committed an error of law or abused its discretion by refusing to grant the requested variance. The court below, on January 28, 1974, held that the regulations involved are constitutional, but that the Board had abused its discretion in refusing the variance. The lower court, therefore, reversed the Board and granted the requested variance.

In its appeal to this Court, the Township argued that the Board did not abuse its discretion or commit an error of law in refusing the variance.[1]

---

[1] In its brief the Township also raised the issue of the constitutionality of the ordinance. Since this issue was decided in favor of the Township by the court below and Falcone did not appeal, we

In a zoning case such as this, where a variance is requested and the court below took no additional testimony, our scope of review is limited to a determination of whether the Board abused is discretion or committed an error of law. *See Dewald v. Board of Adjustment, City of Pittsburgh,* 13 Pa. Commonwealth Ct. 303, 320 A.2d 922 (1974).

Falcone argued before the Board that his request for a variance should be granted because the facts in his case met the conditions set forth in section 912 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912.[2] Both Falcone and his architect testified

cannot understand why the Township raised it in this appeal. In any event, we will not consider the issue in this opinion.

[2] Section 912 of the Code, 53 P.S. §10912, reads as follows:

"The board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. Subject to the provisions of section 801, the board may by rule prescribe the form of application and may require preliminary application to the zoning officer. The board may grant a variance provided the following findings are made where relevant in a given case:

"(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located;

"(2) *That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance* and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

"(3) That such unnecessary hardship has not been created by the appellant;

"(4) That the variance, if authorized, will not alter the essential character of the neighborhood, or district in which the property is located, nor substantially or permanently impair the appropriate

before the Board. Their testimony indicated that because of the unique physical characteristics of the subject property, their proposed development is the most desirable way to build the maximum number of units permitted by the ordinance. Falcone's architect also testified, however, that the property could be developed in conformity with the ordinance.

The opinion of the Board contains, among others, the following findings of fact:

"12. While there was some testimony indicating difficulties in the topography of the subject premises, both appellant and his expert witness testified that their reasons for requesting variances were personal reasons not related directly to topographical difficulties.

"13. The reasons adverted to in 'finding' [11] are: appellant's desire to construct apartments of 1800 square feet, to construct the maximum number of units permitted and the simplification of security measures which would be available in a single structure as against those which would have to be taken for a number of structures.

"14. Both appellant and his expert witness conceded that the maximum number of dwelling units permitted could be constructed in buildings conformable to the zoning ordinance, although this would result in a crowding of low rise or garden type buildings within the position of the lot which is topographically suit-

---

use or development of adjacent property, nor be detrimental to the public welfare; and

"(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

"In granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the zoning ordinance." (Footnote omitted.) (Emphasis added.)

ed for building; if the number of units proposed were reduced, this crowding would be reduced.

"15. A structure eight stories in height would be overwhelming in terms of mass and location to the single family residences on Montrose Avenue."

The Board concluded (1) that "The variances requested are not supported by evidence that the property cannot be developed in accordance with the applicable zoning" and (2) that "Grant of the variances requested would not represent the least modification possible of the applicable R-5 zoning."

The lower court decided that the Board's refusal to issue the requested variance was an abuse of discretion. In support of its decision the court set forth various reasons why Falcone's proposed development is more desirable than a development in conformity with the ordinance.

We have carefully reviewed the record and we conclude that the Board did not abuse its discretion or commit an error of law in denying the requested variance. In this case Falcone had the burden of proving that his property could not be used reasonably within the requirements of the ordinance. *See Campbell v. Zoning Hearing Board of Plymouth Township,* 10 Pa. Commonwealth Ct. 251, 310 A.2d 444 (1973). Falcone obviously failed to meet that burden because his architect testified that the property could be developed within the requirements of the ordinance. The lower court erred when it considered the desirability of the proposed development and substituted its judgment for that of the Board. The lower court stated that "determination in this matter is predicated on a careful balancing of the legitimate interest the municipality maintains in protecting its zoning restrictions in zoning with the individual merits of the appellant's [Falcone's] request under the criteria delineated in Pennsylvania Municipalities Planning Code." The lower

court's use of a balancing test was incorrect. The correct test in this type of case is not whether the proposed use is a more desirable use than the use permitted but rather whether the property can be used in a reasonable manner within the restrictions of the ordinance. *See Surrick v. Zoning Hearing Board of the Township of Upper Providence,* 11 Pa. Commonwealth Ct. 607, 314 A.2d 565 (1974).

In summary we hold that all of the findings and conclusions of the Board are supported by substantial evidence and that the Board neither abused its discretion nor committed an error of law when it denied the requested variance. Therefore we reverse the order of the court below.