Township of Haverford *v.* Zoning Hearing Board of Haverford Township and Havwyn Manor, Inc. Haverford Township, Appellant.

208

Argued May 8, 1975, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three. Submitted on briefs without reargument to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*William E. Mowatt,* with him *Mowatt, McErlean, Pinto, Theodore & Rubin,* for appellant.

*Stephen J. McEwen, Jr.,* with him *Henry B. Fitzpatrick, Jr.,* and *Liebert, Short, Fitzpatrick & Lavin,* for appellee.

OPINION BY JUDGE KRAMER, September 9, 1975:

This is an appeal filed by the Township of Haverford (Township) from an order of the Court of Common Pleas of Delaware County, dated October 17, 1974, which affirmed an adjudication of the Zoning Hearing Board of Haverford Township (Board) granting a variance to Havwyn Manor, Inc. (Havwyn).

Havwyn is the owner of a tract of ground consisting of 29.58 acres through which the boundary line between Haverford Township and Radnor Township runs. 10.7 acres of the tract are situated in Haverford Township and the remainder in Radnor Township. When Havwyn purchased the tract in 1969, the portion located in Radnor Township was zoned I-Institutional under that Township's zoning ordinance. At the time of purchase, the tract was used primarily as a residence for nursing students at Villanova University during the school year, and as a residence for the Sisters of the Order of St. Francis during the summer. Havwyn decided to develop the entire acreage as an adult community limited to

residents 50 years of age or older, and proposed to construct buildings in the nature of townhouses with four units per building throughout the tract. Without going into unnecessary detail concerning the zoning procedure experience of Havwyn in Radnor, it need only be stated that at the times pertinent to this case, Havwyn was in the process of constructing 18 such buildings (with four units in each) providing a density of approximately 3.8 units per acre.

After having been denied building permits to complete its plan on the acreage (10.7 acres) situated in Haverford Township, and also having been denied a request for a rezoning of the Haverford Township portion, Havwyn revised its plan and filed a new application for a building permit on January 17, 1974, requesting permission to erect ten quadruplexes. At the time of the application, the property was located in an "AA" Residence District which permitted only single-family dwellings on a minimum of one-acre lots together with the usual front, rear, and side-yard requirements. After being denied the building permit, Havwyn filed an appeal with the Board, which held hearings and issued an adjudication granting a variance.

The 10.7 acres here in question is a rather narrow strip of land approximately 360 feet in width, running from north to south, by 1,180 feet in length, running from east to west. Topographically, the land rises in height some 50 feet from its southern boundary to its northern boundary. At its northerly side Havwyn has already received permission from Radnor Township to construct several of the quadruplexes on the boundary line between the two townships. Along most of the southerly boundary is an expansive parking lot, which is to the rear of the rectory, garage, church, convent and school of the Blessed John Neumann Church plant. It is apparent from the record that this parking lot is also used as a playground area for the children attending the

parochial school. On the westerly side, the plot is bounded by a public road, and on the easterly side, by vacant land.

At the hearing before the Board, Havwyn presented evidence to support its variance request which established that because of (1) the topography of the land; (2) the narrowness of the lot; (3) the front, rear and side-yard requirements of the zoning ordinance applicable to AA-Residential District; (4) the parking lot and church-school complex abutting the southern boundary; (5) the townhouse usage already under construction along the northern boundary; and (6) the high cost of utilizing the 10.7 acres located in Haverford Township under the AA-Residential District zoning requirements, it was impossible to develop this tract for single-family usage under the existing zoning classification.

Residents in the area presented evidence in opposition to the plan, but in fairness we must observe that this evidence was not based upon any adequate studies pertaining to the land. Havwyn also presented rather persuasive evidence to meet its burden of showing that the granting of the variance would not be contrary to the public health, welfare and safety. Also on record was the Haverford Township Comprehensive Development Plan and our review of the Plan indicates that Havwyn's proposed development, providing for a density of 3.7 dwelling units per acre, did not violate the relevant density recommendations. In addition, the Delaware County Planning Commission issued a report specifically related to Havwyn's proposed development in which the Commission recommended giving general approval to the proposal.

The Board, in carrying out its duties, found that under the Township's zoning ordinance Havwyn could not reasonably utilize the property for the single-family usage designated in the ordinance because of the shape and topography of the tract located in Haverford Township, the expense of constructing single-family homes

under the building regulations and zoning requirements, and its location between the church parking lot and the other townhouses at the northern boundary. The Township appealed to the court below, which did not receive additional testimony or evidence. After argument, the court issued its order and opinion in which it affirmed the adjudication of the Board, based upon its conclusions that Havwyn had met its burden of proving unnecessary hardship caused by the unique physical circumstances peculiar to this piece of property and that the granting of the variance would not be contrary to the public health, welfare and safety.

Our scope of review in cases where the lower court has not taken additional evidence is to determine whether the Board committed an abuse of discretion or an error of law. *Radnor Township v. Falcone*, 16 Pa. Commonwealth Ct. 283, 328 A. 2d 216 (1974) and *Dewald v. Board of Adjustment, City of Pittsburgh*, 13 Pa. Commonwealth Ct. 303, 320 A.2d 922 (1974).

After having carefully reviewed this entire record, we find it difficult to improve upon the excellent opinion of the court below, and we agree with the lower court that the Board did not abuse its discretion or commit an error of law. The unique topography and location of this piece of property, adequately described in the record, was sufficient to permit the Board to grant the variance, and each finding of the Board is supported by substantial evidence in the record. We recognize that the case is a very close one and that the Board could have rendered a contrary result in its adjudication, but, as the appellate courts in this Commonwealth have stated so many times, we should not impose our preferences upon communities as super zoning boards of adjustment. This local Board is familiar with this property and, based upon the facts which were presented to it, the Board made a decision which the court below, within its discretionary power, could properly affirm.

We believe both the Board and the court have, in a difficult case, capably applied our decisions in prior variance cases, as those decisions were summarized by Judge BLATT *in Alfano v. Zoning Hearing Board of Marple Township*, 14 Pa. Commonwealth Ct. 334, 336-37, 324 A. 2d 851, 852-53 (1974):

> "A variance should, of course, be granted only in exceptional circumstances and the burden of proving its need is a heavy one. . . . In order to establish his right to a variance, an applicant must prove: (1) that the effect of the zoning ordinance is to burden his property with an unnecessary hardship which is unique to his particular property; and (2) that the variance would not have an adverse effect upon the public health, safety or welfare. . . . An applicant can establish the existence of an unnecessary hardship '(1) by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense . . . or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance. . . .' " (Citations omitted.)

Furthermore, the result of the case is fully consistent with the legislative intent of section 912 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912.

The Township does advance two arguments which merit comment beyond the opinion filed by the lower court. First, the Township contends that the size of the tract (10.7 acres) ousts the Board of jurisdiction since what Havwyn really desires is a rezoning disguised as a variance. The Township maintains, quite correctly, that rezoning is a purely legislative function reserved to the governing body under section 601 of the MPC, 53 P.S.

§10601. *Catholic Cemeteries Association of the Diocese of Pittsburgh Zoning Case,* 379 Pa. 516, 109 A. 2d 537 (1954) and *Lukens v. Ridley Township Zoning Board of Adjustment,* 367 Pa. 608, 80 A. 2d 765 (1951). We have carefully examined the cases dealing with the distinction between rezoning and variances and find them to be easily distinguishable on the basis of the sizes of the tracts involved. Even if this were not so, we are mindful of the observation of the Supreme Court in *Sposato v. Radnor Township Board of Adjustment,* 440 Pa. 107, 111, 270 A. 2d 616, 618 (1970), where the Court said "[t]he distinction between the two [variances and rezoning] is dependent upon the nature of the change requested rather than merely upon the size of the lot." *See also Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 259, 137 A. 2d 280, 283 (1958).

Since every use variance, by definition, sanctions developments not contemplated by the ordinance for the particular district involved, we must look to the "spirit" of the planning scheme to determine whether the variance is, in essence, a rezoning. *Richman, supra.* While it is easy to conceive of a case where the rule of *Sposato* and *Richman* is difficult to apply, we have no difficulty concluding that, in this case, Havwyn's development does not greatly derogate the Township's land use plan. Not only is the proposal residential in nature and well-insulated from surrounding single-family dwellings, it also comports with the Township's Comprehensive Development Plan and has received the general approval of the Delaware County Planning Commission. Thus, taking into account the nature of the proposal, *Sposato, supra,* and the size of the tract, we must dismiss the Township's argument that the Board was without jurisdiction.

The Township also contends that inasmuch as Havwyn's own development of the Radnor Township acreage contributes to any hardship with respect to the Haverford Township portion of the tract, this hardship is self-

imposed and a variance should not be granted. This argument must fail because the Radnor development was a permissible use under the applicable institutional district provisions of the Radnor ordinance. As the lower court pointed out, any developer could have constructed the multifamily units on Havwyn's property in Radnor Township, and it would be inequitable to allow Havwyn's totally legitimate exercise of its property rights in one municipality to have the effect of destroying its right to use land in another municipality. Such a situation was simply not contemplated by the cases which deal with self-imposed hardship.

As a result of our review of the record and the applicable law, we must affirm the order of the court below.

———

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. In a variance case, the crucial question is whether the property may be used in a reasonable manner within the restrictive provisions of the zoning ordinance. I can find nothing in this record to establish that the property cannot be utilized by the construction of permitted single-family dwellings on lots of a minimum of one acre. Admittedly, the erection of the proposed ten quadruplexes would be economically more feasible, but economic hardship, short of rendering property practically valueless, does not justify a variance. *The Boulevard Land Corporation v. Zoning Board of Adjustment*, 8 Pa. Commonwealth Ct. 584, 303 A. 2d 234 (1973). The test is not whether the desired use of the property by its owner is the more desirable or even the best one. *Marple Gardens, Inc. v. Zoning Board of Adjustment*, 8 Pa. Commonwealth Ct. 436, 303 A. 2d 239 (1973).

The majority concludes that the unique topography and location of the property in question were sufficient to permit the Board to grant the variance. I fail to understand the uniqueness of the topography where the prop-

erty has a width of 360 feet and a length of 1180 feet and where in some areas it rises some 50 feet from its southern boundary to its northern boundary. Is 360 feet too narrow for the construction of single-family dwellings? Is the grade such that landscaping and present-day construction methods cannot combine to build family dwellings on the land?

A variance should be granted only in exceptional circumstances, and the burden of proving its need is a heavy one. My examination of this record convinces me that Havwyn Manor, Inc., has not met that burden or established exceptional circumstances. I view this case as yet another instance where the applicant for a variance would only suffer a financial detriment from the refusal of the requested variance. I must conclude that such financial detriment is insufficient to warrant the grant of a variance.

Judge BLATT joins in this dissent.