Lillian Abrams, Appellant, *v.* The Zoning Hearing Board of the Borough of Danville, Appellee.

Argued September 11, 1975, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

Thomas Arthur James, Jr., with him Cleveland C. Hummel, for appellant.

E. Robert Marks, with him Marks and Wagner, for appellee.

OPINION BY JUDGE WILKINSON, October 1, 1975:

In 1973, appellant, Lillian Abrams, purchased a lot at 315 Lower Mulberry Street, Danville, Montour County, on which were erected a single dwelling house fronting on Lower Mulberry Street and a two-story cinderblock building fronting on an alley at the rear of the lot. The lot is situate in an area zoned R-2 by the Borough of Danville, permitting single family and two-family dwellings but excluding commercial and manufacturing uses. Until the fall of 1971 the prior owner had operated a carpentry business out of the cinderblock building; however, the building had been vacant from that time through the spring of 1973 when appellant obtained the premises.

The instant appeal is from an order of the Montour County Court of Common Pleas affirming the Zoning Hearing Board of the Borough of Danville in its denial of appellant's application for a variance without taking further evidence. Our review is limited to whether the Zoning Hearing Board committed an abuse of discretion or an error of law. *Filanowski v. Zoning Board of Adjustment*, 439 Pa. 360, 266 A.2d 670 (1970); *Klavon v. Zoning Hearing Board of Marlborough Township*, 20 Pa. Commonwealth Ct. 22, 340 A.2d 631 (1975).

In order to have established her right to a variance, appellant would have had to prove both that the zoning ordinance resulted in burdening her property with an unnecessary hardship unique to that property, and that the variance would not adversely affect the public health and safety or welfare. *Sposato v. Radnor Township Board of Adjustment*, 440 Pa. 107, 270 A.2d 616 (1970); *Alfano v. Zoning Hearing Board of Marple Township*, 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974). A finding of unnecessary hardship required proof that the physical characteristics of the property were such that it could not be used for a permitted purpose, or could only be so used at prohibitive expense, or that the property was of no value, or only distress value, if used as zoned. *Commissioners of Plymouth Township v. Wannop*, 13 Pa. Commonwealth Ct. 237, 320 A.2d 455 (1974); *Surrick v. Zoning Hearing Board of the Township of Upper Providence*, 11 Pa. Commonwealth Ct. 607, 314 A.2d 565 (1974); *Philadelphia Zoning Board of Adjustment v. Earl Scheib Realty Corp.*, 8 Pa. Commonwealth Ct. 11, 301 A.2d 423 (1973).

On the evidence as presented to the Zoning Hearing Board, we cannot say that the Board improperly denied appellant's application. A residential dwelling currently exists on appellant's property and is in use. Thus, while the rear building may be vacant, the premises clearly can be and are being used for residential purposes as zoned. Additionally, there was conflicting testimony as to the impact the requested variance would have on the public. Residents opposing the application contended it would aggravate an existing neighborhood parking problem, increase vehicular traffic posing a safety hazard to children playing nearby, add noise and otherwise annoy the neighbors and generally depreciate property values. Witnesses for appellant disputed these claims. The burden being on appellant to prove no adverse effect, the Board could well conclude the burden was not met.

Appellant also argues that the prior owner of the premises operated a valid nonconforming use thereon, and that the use had not been abandoned when appellant attempted to convert the rear cinderblock building to use for a small manufacturing plant. Abandonment includes the intention to abandon the nonconforming use which may be drawn from statements, overt acts, or the failure to act. *Hilltown Township v. Horn,* 13 Pa. Commonwealth Ct. 248, 320 A.2d 153 (1974), *rev'd on other grounds,* Pa. , 337 A.2d 858 (1975); *Marchese v. Norristown Borough Zoning Board of Adjustment,* 2 Pa. Commonwealth Ct. 84, 277 A.2d 176 (1971).

The court below found that a nearly one and one-half year period elapsed between the termination of the prior owner's carpentry business and the attempted nonconforming use by the appellant. The court below decided, as we have previously, that a period of nonuse extending more than one year is ample justification to infer intent to abandon the nonconforming use. *DiNardo v. Pittsburgh,* 15 Pa. Commonwealth Ct. 279, 325 A.2d 654 (1974); *Marchese v. Norristown Borough Zoning Board of Adjustment,* 2 Pa. Commonwealth Ct. 84, 277 A.2d 176 (1971).

We conclude that appellant has failed to carry her burden of proving either an abuse of discretion or an error of law on the part of the Zoning Hearing Board. Accordingly, we affirm the order of the court below.