Glenn Little, Appellant *v.* Zoning Hearing Board of Abington Township, Appellee.

Argued April 9, 1976, before Judges KRAMER, WIL-KINSON, JR., and BLATT, sitting as a panel of three.

*Thomas E. Coval,* with him *Clover, Reinl, Knox & Coval,* for appellant.

*Daniel B. Michie, Jr.,* with him *Fell, Spalding, Goff & Rubin,* for appellee.

OPINION BY JUDGE WILKINSON, May 17, 1976:

Appellant owns a building in Ward No. 11 of the Township of Abington which he uses, and wishes to continue to use, as a two-family dwelling unit. He appeals an order of the Court of Common Pleas of Montgomery County affirming appellee's refusal of appellant's request, in an appeal from the order of the building inspector, that he be entitled to maintain and continue his property's present use as a nonconforming use.

The property in controversy is located in an H Residence District. Prior to April 12, 1962, the date of enactment of Ordinance No. 1060,[1] two-family or duplex detached dwellings were permitted as of right in H Residence Districts. Ordinance No. 1060 amended the zoning law to permit such uses only when authorized as a special exception by the Board of Adjustment, after public hearing.

There is no question that appellant's property was never the subject of an application for, nor did it receive, the required special exception. Appellant does contend that the property was used as a multi-family dwelling prior to 1962, and that the use has continued to the present. Property owners have a constitutional right to continue nonconforming uses unless abandoned. *Baird v. Zoning Board of Adjustment of Slippery Rock Borough*, 20 Pa. Commonwealth Ct. 236, 340 A.2d 904 (1975); *Marchese v. Norristown Borough Zoning Board of Adjustment*, 2 Pa. Commonwealth Ct. 84, 277 A.2d 176 (1971).

A review of the record shows that the property in question was owned by Elizabeth Krout until her death on October 11, 1962. Appellant purchased from the estate and was conveyed title on March 15, 1963. Testimony from both those in favor of appellant and protestants is confused and contradictory. Evidence concerning the rental of the property, the time of an addition of an outside entrance for the second floor and whether or not tenants used the dwelling for food preparation is in dispute.

Appellant contends that he has proven the existence of his claimed prior nonconforming use as a duplex dwelling. The finder of fact below, appellee, concluded that the property in question had been used as a single

---

1. The zoning ordinance and this section thereof have subsequently been amended but the two-family or duplex prohibition has remained.

family dwelling with room units and, therefore, rejected appellant's appeal from the order of the township building inspector and zoning officer.

We must affirm unless appellee clearly abused its discretion or committed an error of law in refusing appellant's request to overturn the order of the township building inspector and zoning officer. *Guentter v. Borough of Lansdale,* 21 Pa. Commonwealth Ct. 287, 345 A.2d 306 (1975) ; *Abrams v. The Zoning Hearing Board of the Borough of Danville,* 21 Pa. Commonwealth Ct. 284, 344 A.2d 734 (1975). The burden is on appellant to prove the prior nonconforming use. Because we, after a careful review of the record, are not convinced that appellee's conclusions were unreasonable, we must affirm.

While appellant presented evidence that Mrs. Krout had maintained the property with rental occupants on the second floor, Mrs. Mary Gunther, a protestant, testified that the second floor was vacant from 1957 until after the zoning amendment in 1962. Another protester, Mr. Kuemmerle, testified that there was only one roomer since 1958. The testimony is uncontradicted that there were no permanent kitchen facilities on the second floor. On this record, we cannot reverse the determination that appellant failed to satisfy its burden of proof.

Accordingly, we affirm the court below.

Judge KRAMER did not participate in the decision in this case.