Township of Washington, Berks County, Pennsylvania *v.* Washington Township Zoning Hearing Board, Leonard A. Gehringer, Norman D. Wheeler and Carl F. West and William H. Moon. William H. Moon, Appellant.

Argued September 14, 1976, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*David H. Roland,* with him *Balmer, Mogel, Speidel & Roland,* for appellant.

*Paul R. Ober,* with him *Edelman, Schaeffer, Saylor, Readinger and Poore,* for appellee.

OPINION BY JUDGE BLATT, November 4, 1976:

William H. Moon, appellant, has appealed from an order of the Court of Common Pleas of Berks County

which reversed the decision of the Washington Township Zoning Hearing Board (Board). The Board had granted his request for a variance with respect to a tract of approximately 140 acres with a two-story building located thereon which he owns in the Township. He had requested the variance so that the greater part of the building could be used for the processing and storing of plastic material. The building had been, and in part still is, used for the processing and storage of fruit crops.

The Board found that it is no longer economically feasible for the entire building to be used for the processing and storage of fruit crops and that the building is now suitable only for light industrial use, and it granted the requested variance. The lower court, however, held that Moon had not proven an unnecessary hardship and reversed the Board as a matter of law.

Our scope of review here, where the lower court did not take additional evidence, is limited to a determination of whether or not the zoning hearing board committed an abuse of discretion or an error of law. *Radnor Township v. Falcone*, 16 Pa. Commonwealth Ct. 283, 328 A.2d 216 (1974), and we agree with the court below that the Board here committed an error.

In order to establish his right to a variance, Moon had to prove that the effect of the zoning ordinance was to burden his property with an unnecessary hardship which is unique to his particular property, and that the variance, if granted, would not adversely affect the public health, safety or welfare. *Abrams v. Zoning Hearing Board of the Borough of Danville*, 21 Pa. Commonwealth Ct. 284, 344 A.2d 734 (1975); *Alfano v. Zoning Hearing Board of Marple Township*, 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974). In addition, (1) a variance will be granted only in ex-

ceptional circumstances, with the burden of proving such circumstances being a heavy one; and (2) economic hardship, short of rendering a property practically valueless, does not justify a variance. *Alfano, supra.*

On the evidence presented to the Board, Moon established that it was no longer economically profitable to operate the building in question as a full-time fruit processing and storage facility, and the Board so found. We do not believe, however, that Moon's economic hardship here has established an unnecessary hardship sufficient as a matter of law to justify a variance. *See Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 137 A.2d 280 (1958). The test is not whether the proposed use is more desirable to Moon than the permitted use, but rather whether the property can be used in a reasonable manner within the restrictions of the ordinance. *Radnor Township v. Falcone, supra.* Here, Moon has continued to use the building for the processing and storage of fruit crops and plans to continue such use. Moreover, the ordinance clearly provides that the land in question may be used for residential, recreational or agricultural purposes, and Moon has not proven that the building cannot be reasonably used for those or other purposes within the restrictions of the ordinance. The fact that the fruit industry in the area has declined to the point where Moon could more profitably use all of his building if the variance were granted does not, as a matter of law, entitle him to the variance. *See Marple Gardens, Inc. v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 436, 303 A.2d 239 (1973).

The order of the lower court is, therefore affirmed.

## Order

And Now, this 4th day of November, 1976, the order of the Court of Common Pleas of Berks County is affirmed.