## Altemose Architects & Engineers Associates v. Upper Merion Township Zoning Hearing Board

*Gregory Dean*, for
*Edmund Mullin*, for

VOGEL, *J.*, May 18, 1981—Appellants, Altemose Architects & Engineers Associates, et al, appeal from the decision of the Upper Merion Township Zoning Hearing Board (the board) denying their request for a special exception to construct a parking lot within a flood plain district. The parking lot contemplated by the appellants was to be utilized by the patrons of the 25 acre parcel located at North Gulph Road and First Avenue, known as Valley Forge Plaza.

This case began on February 12, 1980, when appellants applied to the board for a special exception. A hearing thereon was held on April 8, 1980, at which time testimony was heard in support of the grant of a special exception. Michael Lynn, a registered architect, testified that because of the existence of embedded rock, a previously approved plan for underground parking was no longer possible.

That left, according to Mr. Lynn, no alternative alignment but the construction of a 349 parking space lot within the flood plain. To insure that the proposed lot would be vacant before any flooding, the appellants proposed several precautionary measures. First, a 24-hour guard service would make periodic inspections of the lot. Second, a closed-circuit television system would monitor the lot. Third, Sheraton employees, who would allegedly be easily alerted, would utilize the farthest reaches of the lot. Fourth, a paging system throughout the building would be used to notify guests of the hotel to move their cars. Fifth, tow trucks would be available to remove remaining cars from the area.

On May 6, 1980, the board denied the request for a special exception finding that appellants had not satisfied the standards for approval set forth in Sections 1754, 1757 and 2001 of the Upper Merion Township Zoning Code, in that (1) a viable alternative to parking within the flood plain existed and (2) the proposed evacuation plans were insufficient to guarantee that such parking would not be utilized during periods of flood flow.

On May 30, 1980, appellants appealed to this court from the decision of the board and, on April 13, 1981, oral argument was heard. By order dated April 20, 1981, we denied the appeal and sustained the order of the board of May 6, 1980. The appeal of appellant to the Commonwealth Court on April 27, 1981 of our order of April 20, 1981, necessitates this opinion.

On this appeal from the board's decision denying the special exception, our scope of review is to decide whether the board has committed an error of law or abuse of discretion: Bocella v. Conshohocken Zoning Hearing Bd., 104 Montgomery L.R. 236

(1978); Radnor Township v. Falcone, 16 Pa. Commw. Ct. 283, 328 A. 2d 216 (1974). In the absence of an error of law or a manifest abuse of discretion, the court is not at liberty to substitute its judgment for that of the zoning hearing board.

It is well settled that a special exception should not be denied unless the impact on the public health and safety is greater than that which would normally be expected. The reasoning behind this standard is explained in Zoning Hearing Board v. Konyk, 5 Pa. Commw. 466 (1972), at pages 470-471:

The legislature in providing for special exceptions in zoning ordinances has determined that the impact of such a use of property does not, of itself, adversely affect the public interest to any material extent in normal circumstances, so that a special exception should not be denied unless it is proved that the impact upon the public interest is greater than that which might be expected in normal circumstances.

Therefore, a special exception is not a violation of a zoning ordinance, but is a permitted use conditioned upon a showing that certain standards set forth in the zoning ordinance have been or will be met. In the instant case, the relevant standards to be met are contained in Section 1754 of the Upper Merion Township Zoning Code. Section 1754 provides in pertinent part:

F. Paved roads and driveways, parking lots, where required by the regulations for the district applicable to the lot without consideration of the Article provided that:

1. In the case of roads and driveways *no* such such facilities shall be permitted as a Special Exception, if alternative alignments are feasible.

2.  In the case of parking facilities, no such facility shall be permitted as a Special Exception unless satisfactory evidence is submitted that such parking will not be utilized during periods of flood flow, thus posing no threat to the safety of the vehicles, their uses and/or to downstream properties. Temporary parking for periods not to exceed one hour, and/or parking for recreation uses would be examples of such exceptions.

The issue, therefore, is whether appellants satisfied their burden by meeting these standards. We determine that they did not.

Appellant's proposed parking area unavoidably includes the construction of a driveway to and from the Sheraton property as well as a 1,000 ft. roadway to facilitate access to and from Moore Road. For that reason, Section 1754(F)(1) is applicable to appellant's plans and the board was correct in considering whether alternative alignments existed prior to granting a special exception. Also, the board was correct in finding that an alternative alignment was available. While appellants presented testimony that the removal of embedded rock through blasting (in order to construct underground parking) might create structural problems to existing buildings, such testimony was uncorroborated and admittedly undocumented. The board was justified in rejecting appellants' speculative evidence and finding that alternative underground parking was available. To do otherwise would have been to ignore previous testimony given before the Board of Supervisors of Upper Merion indicating that an underground garage would be feasible.

Similarly, the board was justified in rejecting the appellants' proposed evacuation plans. Pursuant to Section 1754(F)(2), which provides that evidence

must be submitted that the parking facilities will not be utilized during periods of flood flow,* appellants assert that a series of evacuation plans could be implemented to remove all cars from the flood plain area before flooding. In fact, appellants' witness, Mr. Lynn, testified that the proposed evacuation plans would empty the parking lot within one hour. However, we feel that the board was justified in finding this estimation to be unrealistic and unsupported by competent testimony. We fail to see how a public address system could notify all Sheraton guests and how a towing service, during periods of heavy flooding, could remove even a hundred cars within one hour. Simply stated, appellants' laborious effort to explain the intricate and complicated procedures to evacuate cars in a flooding situation is vivid evidence of the weakness of their position.

Finally, Section 2001 of the Upper Merion Township Zoning Code requires that in considering an application for a special exception, the board must determine whether the proposed change would serve the best interest of the township, the convenience of the community and the public welfare. We see the proposed construction as serving only the best interest and convenience of appellants while endangering the public welfare. For that reason, the decision of the Upper Merion Township Zoning Hearing Board was sustained as per our order of April 20, 1981.

---

*Section 1754(F)(2) provides, as an example of a special exception for parking facilities, "temporary parking for periods not to exceed one hour." While admittedly this example is not exclusive, the obvious tenor of the section is to provide special exceptions for temporary parking, not for parking contemplated by appellants which would last for days on end.

## ORDER

And now, April 20, 1981, after oral argument on April 13, 1981, appellants, Altemose Architects & Engineers Associates and Valley Forge Plaza Associates, notice of appeal of May 30, 1980, is respectfully denied.

The order of the Upper Merion Township Zoning Hearing Board of May 6, 1980, is affirmed and appellants' application for construction of a parking lot is denied.