# Middletown Township v. Zoning Hearing Board of Middletown Township

*Guy T. Matthews*, for plaintiff.
*William B. Allen*, for defendant.

KELTON, *J.*, July 15, 1981—In this zoning appeal by the board of Supervisors of Middletown Township, we are asked to determine whether or not the township zoning hearing board committed an abuse of discretion or an error of law in granting a variance to intervenors Andrew Oser and Janet Oser. After reviewing of the record of the board's proceedings without receiving additional evidence, we hold that the board committed an error of law and reverse its decision.

In October 1979, the intervenors applied to the township zoning officer for a permit to use an equipment storage building which they had previously constructed on their premises at 1561 Woodborne Road, Levittown, for the purpose of holding public auctions of furniture and other household items. The property is located in an R-2 Residence District under which the permitted uses are single family detached dwellings, buildings of public worship, public and parochial educational institutions, accessory uses incidental to the foregoing and accessory offices of "lawyers, clergymen, teachers . . . and other professions of like character." Mr. Oser, who is a professional auctioneer, argued

before the board that the auction building would be a professional office accessory to his residence. The board disagreed and that issue is not now before us.

The zoning officer had denied the Osers' requested permit on the grounds that the proposed auction use was not permitted in an R-2 district. Upon appeal to the zoning hearing board, hearings were held on December 17, 1979 and February 4, 1980. At the close of the testimony at the February 4, 1980 hearing, the board granted a use variance for public auctions within the building subject to certain conditions. After timely appeal by the township, we delayed considering the case on the merits in order to permit intervenors to secure new counsel to replace their previous counsel. This has now been done and we have received briefs from the township and from intervenors.

After reviewing the evidence presented to the board, we have no quarrel whatsoever with its fact findings (board decision pp. 3-7). They establish that the Osers' property consists of a five acre tract purchased by them in 1964 when it was zoned R-1 Residential. It is now zoned R-2 Residential and contains a small house currently used as the Osers' personal residence, a garage and a large storage building. The latter building would be the site of the proposed auctions. It is currently being used to store the Osers' equipment. If used for public auctions it would hold approximately 400 people who would attend auctions conducted between 7:00 pm and midnight approximately once a week. The Osers would intend to continue using the house for their personal residence.

The proposed auction building was constructed by the Osers sometime after 1971 pursuant to a variance for farm equipment storage then granted by the township under a special condition that the building "is to be used for no commercial activity."

The properties in the vicinity of the Osser property consist of apartments, a vacant two acre lot, a vacant five acre lot, plus an American Legion Post, plus non-commercial institutional or professional uses such as a Jewish War Veterans Post, a medical arts building, several churches and schools and medical clinics.

Although the board made a generalized finding (pg. 10) ". . . that the applicant has shown sufficient hardship to be granted a use variance . . ." it did not explain what that hardship was. Also it made none of the specific variance findings mandated under Section 912 of the Municipalities Planning Code:* that the property was subject to "unique physical circumstances and conditions"; or that there is "no possibility that the property can be developed in strict conformity with the provisions of the ordinance"; or "that the authorization of the variance is necessary to enable the reasonable use of the property"; or "that any *unnecessary* hardship has not been created by . . ." the applicant; or finally and most significantly, that "the variance would represent the minimum variance that will afford relief."

In our judgment we are compelled by Township of Washington v. Washington Township Zoning Hearing Board, 27 Pa. Commw. 510, 513, 365 A. 2d 691 (1976) and the cases and principles reviewed therein to reverse the decision of the Board. As stated in Washington: "The test is not whether the proposed use is more desirable . . . than the permitted use, but rather whether the property can be used in a reasonable manner within the restrictions of the ordinance."

---

*Act of July 31, 1968, P.L. 805, Art. IX, §912 (53 P.S. §10912).

## ORDER

And now, July 15, 1981, the appeal of the Township of Middletown is hereby sustained and the decision of the Zoning Hearing Board dated February 4, 1980 is reversed.