Gerald C. GORELLI, and Betty Lou Gorelli, his wife, Appellants,

v.

**ALLEGHENY TOWNSHIP ZONING HEARING BOARD.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2001.

Decided April 25, 2002.

Robert A. Cinpinski, Kittanning, for appellants.

Larry D. Loperfito, Vandergrift, for appellee.

Bernard P. Matthews, Jr., Greensburg, for appellee, Allegheny Township.

BEFORE: COLINS, President Judge, and LEAVITT, J., and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

Gerald and Betty Lou Gorelli (Gorellis) appeal from an order of the Court of Common Pleas of Westmoreland County (Trial Court) denying their appeal from the Allegheny Township Zoning Board (Board). We reverse.

The Gorellis are the owners of a parcel of land they acquired in 1968. They have used the land for recreational purposes since at least 1970, maintaining a camper or recreational vehicle of some kind on the property during the months of April through November.

In 1971, Allegheny Township enacted a zoning ordinance (Ordinance) that designated the Gorellis' property as R–1, Single Family Residential District (R–1 District). The Ordinance authorized the "[s]torage of recreational vehicles owned or leased by the residents of the premises" as an accessory,[1] but not a principal use in the R–1

---

1. Accessory use is defined as:

    A use customarily incidental and subordinate to the principal use and located on the same lot as the principal use, including, but not limited to, gardening as a avocation on a residential lot, keeping of domestic pets, off-street parking or loading, storage of merchandise normally carried in stock on the same lot with a commercial use unless such storage is excluded in the District regulations.

District. TOWNSHIP OF ALLEGHENY, COUNTY OF WESTMORELAND, PA., CODE § 401(A)(2)(g)(1997). It also provided for the registration of a non-conforming use "lawfully in existence prior to the effective date of this Ordinance or any amendment which created the non-conformity. ...." TOWNSHIP OF ALLEGHENY, COUNTY OF WESTMORELAND, PA., CODE § 1804 (1997).[2]

In June of 2000, a Township Zoning Officer, responding to a complaint about a mobile home in the R 1 District, discovered a recreational vehicle on the Gorellis' property. The Zoning Officer issued the Gorellis a Notice of Violation/Enforcement (Notice of Violation) on June 22, 2000, alleging various violations of the Ordinance.[3] The Gorellis filed a timely appeal, and the Board held a hearing on August 30, 2000, which was then continued and reconvened on October 25, 2000. Prior to the hearing, the Gorellis requested an application for registering a non-conforming use; they were informed that there was no application form and that a letter would suffice. On September 1, 2000, the Gorellis submitted a letter to the Zoning Officer for the purpose of making application for the registration of a possible non-conforming use. The Zoning Officer took no action on their letter.

On November 29, 2000, the Board issued its decision. The Board determined that the Gorellis' use of the property was a non-conforming use that was established in 1970, prior to the enactment of the Ordinance. However, the Board concluded that the Gorellis had failed to register this use in a timely manner, i.e., prior to receiving a Notice of Violation from the Zoning Officer.[4] Further, the Board concluded that the Gorellis' attempt to register their non-conforming use was barred as a matter of law under *Pfeffer v. Hopewell Township*, 60 Pa.Cmwlth. 399, 431 A.2d 1149 (1981) and, therefore, the Gorellis were in violation of the Ordinance. The Gorellis appealed to the Court of Common Pleas of Westmoreland County which affirmed the Board's decision. This appeal followed.[5]

The Gorellis contend that the Board and the Trial Court erred in their application of *Pfeffer*. We agree.

*Pfeffer* stands for the principle that the validity of non-conforming uses should be determined in administrative hearings before zoning boards and not in injunction hearings before courts. In *Pfeffer*, the township brought an action to enjoin the Pfeffers from violating zoning requirements relating to setback, junkyard regulation and storage of discarded materials. In connection with their business, the Pfeffers stored household appliances, tractors, bicycles and automobiles on their

---

TOWNSHIP OF ALLEGHENY, COUNTY OF WESTMORELAND, PA., CODE § 201 (1997).

2. See footnote 7, *infra*, for the full text of Section 1804 of the Ordinance.

3. An amended Notice of Zoning Violation/Enforcement was issued to the Gorellis on September 5, 2000, because the Township sought to introduce evidence at the August 30, 2000 hearing on violations not specified in the June 22, 2000 Notice. On September 26, 2000, the Gorellis reconfirmed their previous appeal.

4. This conclusion is not supportable. The application was submitted September 1, 2000,

and the Gorellis were issued an Amended Notice of Violation on September 5, 2000, which was the subject of the October 25, 2000 hearing.

5. Because the Trial Court did not take any additional evidence, our scope of review is limited to determining whether the Zoning Board committed an error of law or manifestly abused its discretion. *Diversified Health Assoc. Inc. v. Zoning Hearing Board of the Borough of Norristown*, 781 A.2d 244 (Pa. Cmwlth.2001).

property, and they tried to defend against the township's equity action on the ground that their use of the property antedated the zoning ordinance and was, therefore, a lawful non-conforming use. The trial court held the defense was unavailable under the decision of our Supreme Court in *Philadelphia v. Budney*, 396 Pa. 87, 151 A.2d 780 (1959) and granted the injunctive relief requested by the township.

In *Budney*, the City of Philadelphia initiated a suit in equity to enforce a prior determination by the city that the landowners' use was unlawful. The landowners had sought permission from the board of adjustment to operate a junkyard, claiming a lawful non-conforming use. This permission was denied by the board, and the landowners appealed to the Court of Common Pleas of Philadelphia. When they failed to prosecute their appeal, it was dismissed; the dismissal was not appealed. The landowners, however, continued to operate a junkyard, and the city then brought its suit in equity. The injunction was issued, and the landowners appealed on the ground that they should have been permitted at trial to present a defense of a lawful non-conforming use.

In *Budney*, the Court upheld the trial court's refusal to allow the landowners to raise the defense of a non-conforming use. It reasoned that to hold otherwise would have permitted the landowners to litigate for a second time an issue that they had lost in legal proceedings before the board of adjustment and the trial court. Our Supreme Court held that the result sought by the landowners "would have equity courts replacing boards of adjustment." *Budney*, 396 Pa. at 89, 151 A.2d at 781. It noted that the Legislature had established a procedure and a forum for zoning matters. *Id.*

Returning to *Pfeffer*, this Court took the *Budney* holding, essentially a *res judicata* decision, one step further. It held that where the "administrative machinery" exists by which the right to continue a nonconforming use might be determined, including a hearing before a zoning board, and that machinery is not put into play by the landowner, the landowner may not raise the non-conforming use as a defense in an equity action. This Court held as follows:

> Sections 406.8, 601.1, 601.2, and 607.7 of the Hopewell Township zoning ordinance provide for the registration of nonconforming uses and *require the zoning officer to prepare and make available to landowner-applicants forms for the purpose of registration.* The zoning officer testified that such forms were available but that the appellants never registered their sales yard. *Having failed to avail themselves of the available administrative means of establishing that their nonconforming use was lawful, the appellants are barred from defending an action* to require them to conform to the use regulation on this ground.

*Id.* at 1150, 151 A.2d 780 (emphasis added).

The situation in *Pfeffer* is not this one. The Gorellis tried to raise the defense of a lawful non-conforming use in an administrative proceeding before a zoning board[6] not in an equity proceeding before a court. The Ordinance here does not prescribe a procedure, form, or time limit for registering a non-conforming use. In addition, the Gorellis did try to register their non-conforming use in accordance with the Township's administrative means, such as they were, for doing so. The Board's conclusion that the Gorellis' attempted registra-

---

**6.** Ironically, the Board determined that the Gorellis, in fact, established that their non-

conforming use antedated the adoption of the Ordinance.

tion was unlawful under *Pfeffer* is unfounded. Unlike the landowners in *Pfeffer*, the Gorellis tried "to avail themselves of the available administrative means of establishing that their nonconforming use was lawful. . . ." *Pfeffer* at 1150.

The Board's conclusion that the Gorellis violated the Ordinance because they failed to register their non-conforming use before receiving a Notice of Violation [7] is likewise unfounded. The Ordinance does not establish any time limit for registering a non-conforming use,[8] let alone a requirement that registration be done prior to receiving a notice of violation. The Ordinance does not require the landholder to hold a registration as the precondition to raising the defense of a non-conforming use in a hearing before the Board. The Townships' conduct with respect to the Ordinance is more questionable. The Zoning Officer never responded to the casual application he himself directed, *i.e.*, the letter of September 1, 2000. Further, the Zoning Officer was required to register the non-conforming use once presented with appropriate documentation.

*Pfeffer* and *Budney* were equitable proceedings. As our Supreme Court stated in *Budney*, courts of equity must not replace zoning boards, and landowners must not be permitted to litigate the same issue twice. The Gorellis properly sought, in accordance with the Ordinance, to register their non-conforming use and to establish their non-conforming use in an administrative hearing before the Board. This was their first and only opportunity to establish their right to continue a non-conforming use.

We are mindful of the well-settled constitutional right in this Commonwealth to allow a non-conforming use to continue unless abandoned or altered.[9] The Board erred in concluding the Gorellis were in violation of the Ordinance, and the Trial Court erred in upholding the Board. Following the Board's line of reasoning would deny landowners an opportunity to defend a constitutional right in the very forum that *Budney* and its progeny have repeatedly announced to be the legislatively prescribed forum for resolution of all zoning matters. *Budney* at 89, 151 A.2d 780.

Accordingly, the order of the Trial Court is reversed.

## ORDER

AND NOW, this 25th day of April, 2002, the order of the Court of Common Pleas of

---

7. As noted, the record shows that the Gorellis tried to register their non-confirming use prior to receiving the Amended Notice of Violation, which notice was the subject of the hearing before the Zoning Board.

8. Had the Zoning Officer denied the registration, or whatever reason, that could trigger an appeal to the Board.

> The owner of a non-conforming use shall make an application for registration of the non-conforming use, and upon presentation of documentation acceptable to the Zoning Officer that the use was lawfully in existence prior to the effective date of this Ordinance or any amendment which created non-conformity, *the Zoning Officer shall register the same on a map* and a tract number as a legal non-conforming use.

> *In the course of administering this Ordinance* and reviewing application for zoning certificates or variances, *the Zoning Officer shall register all non-conforming structures and non-conforming lots as they become known through the application process.*

Township of Allegheny, County of Westmoreland, Pa., Code § 1804 (1997) (emphasis added).

9. *E.g., Little v. Zoning Hearing Bd.*, 24 Pa. Cmwlth. 490, 357 A.2d 266 (1976), citing *Baird v. Zoning Bd. of Adjustment of Slippery Rock Borough*, 20 Pa.Cmwlth. 236, 340 A.2d 904 (1975); *Marchese v. Norristown Borough Zoning Bd. of Adjustment*, 2 Pa.Cmwlth. 84, 277 A.2d 176 (1971).

Westmoreland County in the above-captioned matter is hereby reversed.