Valley View Civic Association, Appellant *v.* Zoning Board of Adjustment and Alma Horen, Appellees.

Argued March 4, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Daniel Sherman, P.C.*, for appellant.

*Laurence M. Levin*, Assistant City Solicitor, with him *Jill A. Douthett*, Deputy City Solicitor, for appellee.

*Franklin H. Spitzer*, of counsel: *Wolf, Block, Schorr and Solis-Cohen*, for intervenor-appellee.

OPINION BY JUDGE MacPHAIL, June 22, 1982:

Valley View Civic Association (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County which affirmed the decision of the Zoning Board of Adjustment (Board) to grant a use variance to Alma Horen (Appellee). We reverse.

The subject property, owned by Appellee, is located in an R-5 residential district on Ridge Avenue in Philadelphia. The property is improved with a building in which Appellee proposes to operate a retail steak and hoagie shop limited to "take-out" service. The shop would occupy the first floor of the structure while the second and third floors would each contain an apartment. Apparently neither the commercial use nor the two-family dwelling use are permitted in the R-5 district.[1]

---

[1] The record does not contain a copy of the pertinent ordinance provisions which would enable us to examine the use restrictions. The parties agree, however, that the proposed uses are not permitted as of right in the R-5 district.

The record reflects that in 1978 the property was rezoned from a C-2 commercial district to an R-5 residential district and that prior to Appellee's purchase of the property a nursery business had occupied the first floor with two apartment units on the upper floors. The Board found, based on substantial evidence in the record, that Appellee's property is presently bounded on the north by a "Seven/Eleven" convenience store and on the south by a gasoline station. Additional commercial uses are located across the street including a bank and an auto tire center. Based on evidence of these and similar uses in the vicinity of Appellee's property, the Board concluded, following a hearing at which the president of Appellant and other protestants testified, that an unnecessary hardship had been established since "the subject property is virtually surrounded by dissimilar and disharmonious commercial and industrial uses which render it virtually impossible to use the site for residential development." The lower court, without taking additional evidence, affirmed and the instant appeal was taken.

The issue presented in this appeal is whether or not the Board erred in concluding that Appellee had met her burden of establishing an unecessary hardship which would justify the grant of a variance.

Where, as here, the court below has taken no additional evidence, our scope of review is to determine whether the Board, in granting the variance, abused its discretion or committed an error of law. *Center City Residents Association v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 416, 410 A.2d 374 (1980).

Although the Philadelphia zoning ordinance lists twelve criteria for the Board to consider in granting variances, the factors, in general, relate to two essential requirements which must be established by the ap-

plicant: 1) that unnecessary hardship exists which is unique or peculiar to the subject property, as distinguished from hardship arising from the impact of the zoning ordinance which is common to the entire district and 2) that the proposed variance would not adversely affect the health, safety or welfare of the community. *Jacobs v. Philadelphia Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 197, 273 A.2d 746 (1971). Unnecessary hardship can be established by showing 1) that the physical characteristics of the property are such that it cannot be used for any permitted purpose or that it could be so used only at prohibitive expense or 2) *that the characteristics of the area* are such that the property has no value or has only distress value if used for a purpose permitted by the ordinance. *Avanzato Appeal,* 44 Pa. Commonwealth Ct. 77, 403 A.2d 198 (1979); *Eighteenth & Rittenhouse Associates v. Zoning Board of Adjustment,* 26 Pa. Commonwealth Ct. 554, 364 A.2d 973 (1976). Variances, particularly those authorizing commercial uses in a residential district, should not be liberally granted. *Pfile v. Borough of Speers,* 7 Pa. Commonwealth Ct. 226, 298 A.2d 598 (1972). A variance should be granted in exceptional cases only and the applicant's burden of proving its need is heavy. *J. Richard Fretz, Inc. v. Hilltown Township Zoning Hearing Board,* 18 Pa. Commonwealth Ct. 471, 336 A.2d 464 (1975).

In the instant case, Appellee presented evidence[2] of hardship in the form of testimony that her property is surrounded by commercial uses. Furthermore, the Board found from a visual inspection of the block on which the property is located that other uses on the block include: another gas station, a beauty shop and

---

[2] Appellee did not appear at the hearing before the Board. The sole witness on her behalf was her architect who testified very briefly.

barber shop, a haberdashery, a beer distributor, a trash removal business and at least seven occupied dwellings. Thus, evidence of hardship was essentially limited to the existence of commercial uses in the vicinity of Appellee's property.

While the use of adjacent and surrounding land may be relevant in determining unnecessary hardship exists, we have noted in the past that it is not conclusive, *absent a showing that the property is rendered practically valueless as zoned. Avanzato Appeal; Upper Moreland Township Board of Commissioners v. Zoning Board,* 25 Pa. Commonwealth Ct. 626, 361 A.2d 455 (1976). We have carefully reviewed the record in this case and have found no evidence that the property cannot physically be used for residential purposes or that it has no value or only a distress value for residential use. The fact that Appellee proposes to continue to use the upper floors for residential purposes in itself strongly indicates to us that a use in conformity with the zoning ordinance may be possible here.[3]

The instant case is clearly distinguishable from those cited by the Board to support its finding of unnecessary hardship. In each of those cases there was a showing not only that the property was surrounded by dissimilar uses, but that *as a result* of those circumstances the property was rendered practically valueless or that the property also possessed physical characteristics which prevented its use in accordance with the zoning ordinance. *See Filanowski v. Zoning Board of Adjustment,* 439 Pa. 360, 266 A.2d 670 (1970) (property was completely landlocked); *Peirce v. Zoning Board of Adjustment,* 410 Pa. 262, 189 A.2d 138 (1963) (property was surrounded by industrial and commercial uses, was subject to annoying chemical odors *and* there was uncontradicted testimony by two realtors

---

[3] We make no ruling on the possibility that the two existing apartment units might constitute nonconforming uses.

that the lot could not be sold for any permitted use);
*O'Neil v. Philadelphia Zoning Board of Adjustment,*
384 Pa. 379, 120 A.2d 901 (1956) (unnecessary hard-
ship established by evidence that conversion of prem-
ises from a commercial garage into a residence would
be costly and inordinately burdensome); *Haverford
Township v. Township of Haverford Zoning Hearing
Board,* 21 Pa. Commonwealth Ct. 207, 344 A.2d 758
(1975) (unnecessary hardship based on *Unique topog-
raphy* of the land as well as surrounding uses); *Bor-
ough of Ingram v. Sinicope,* 8 Pa. Commonwealth Ct.
448, 303 A.2d 855 (1973) (finding of unnecessary hard-
ship supported by testimony of prior tenant, realtor
and a neighboring land owner that traffic volume,
noise, lights, water run-off and dust related to sur-
rounding uses rendered property unsuitable for resi-
dential use).

We conclude, as a matter of law, that Appellee has
failed to sustain her burden of establishing unneces-
sary hardship unique to her property.[4] As we have
noted, the case law is clear that evidence limited to a
showing of dissimilar uses in the vicinity of a particu-
lar property is not sufficient to establish the requisite
hardship absent evidence that the property is ren-
dered practically valueless as a result of its location
or that the property possesses physical characteristics
which prevent its use in accordance with the zoning
ordinance. *Avanzato; Upper Moreland Township.*
Neither is present here. The possibility or probability
of hardship is not a sufficient ground for granting a
variance. A finding of unnecessary hardship must
arise from and be supported by the evidence. *Richman
v. Zoning Board of Adjustment,* 391 Pa. 254, 137 A.2d

[4] In view of our conclusion that Appellee has failed to establish
unnecessary hardship, we need not address the second element of her
burden, to wit, the impact of her proposal on health, safety and
welfare.

280 (1958). Since a vital link in this case is missing, to wit, the effect of surrounding uses on the value of Appellee's property, we find that the Board erred in granting a variance to Appellee.[5] We have found no evidence of record to support the Board's conclusion that it would be "virtually impossible" to use the subject property for a use permitted by the zoning ordinance.

We, accordingly, will reverse the order of the lower court.

### ORDER

It is ordered that the order of the Court of Common Pleas of Philadelphia County, dated February 25, 1981, March Term, 1980, No. 402, is hereby reversed.

Judge MENCER did not participate in the decision in this case.

Judge DOYLE dissents.

---

[5] We note that the Board's finding that the protestants in this case were only opposed to the particular commercial use proposed by Appellee, implying that another commercial use might be satisfactory to the protestants, is irrelevant to Appellee's request for a variance. Lack of objection may not be the basis for the allowance of a variance. *Christner v. Zoning Hearing Board, Mt. Pleasant Borough*, 40 Pa. Commonwealth Ct. 87, 397 A.2d 30 (1979).