Radnor Industries, Ltd., Appellant *v.* Zoning Hearing Board of Radnor Township, Appellee.

Argued April 7, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Mary R. Barr*, with her *Douglas D. Royal, Greenwell, Porter, Smaltz and Royal*, for appellant.

*Eugene H. Evans, Goldberg and Evans*, for appellee.

OPINION BY JUDGE BLATT, July 6, 1983:

Radnor Industries, Ltd., (Radnor) appeals here from an order of the Court of Common Pleas of Delaware County which affirmed an order of the Zon-

ing Hearing Board of Radnor Township (Board) deny-
ing Radnor's application for a variance pursuant to
Section 912 of the Pennsylvania Municipalities Plan-
ning Code (MPC).[1] Radnor has alternatively and un-
successfully challenged the substantive validity of the
Residential (R-3) zoning of a portion of its property
pursuant to Section 1004 of the MPC, 53 P.S. §11004.

Radnor is the equitable owner of a tract of land
which is zoned R-3 in its southern half and
Commercial-Office (C-O) in its northern half and
which has been dual-zoned since 1928. It is improved
with an office building of approximately 21,000 square
feet, 9,900 square feet being in the Commercial
District and 11,000 square feet in the Residential
District.[2] There are presently 60 parking spaces
available, 38 of which are in the Commercial District
and 22 in the Residential District.

Desiring to expand its business, Radnor made ap-
plication to the Board for a variance to add 65 parking
spaces and one truck unloading berth in the R-3 por-
tion of the lot. These additions are requested in con-
junction with the proposed addition of 15,400 square
feet of office space in the C-O half of the lot.

The Board denied Radnor's request for a variance
because "there was no proof of hardship as required
for the grant of a variance" pursuant to Section 912 of
the MPC, 53 P.S. §10912. This conclusion was based
on the Board's finding that:

10. The only hardship proved at the hearing
was a personal hardship as a result of

---

[1] Act of July 31, 1968, P.L. 805, 53 P.S. §10912.

[2] Testimony in the record indicates that the building and park-
ing spaces were able to encroach upon the R-3 portion of the lot
due to a Boundary Tolerance provision of the Radnor Township
Zoning Ordinance in effect at the time of development. This provi-
sion was eliminated in 1972, at which time the usage in the R-3
portion became a non-conforming use.

[Radnor's] desire to expand the availability of commercial floor space rather than a hardship arising out of any topographical or physical feature unique and peculiar to the property.

Where, as here, the trial court receives no evidence, our scope of review is limited to a determination of whether or not the Board abused its discretion or committed an error of law. *Phelan v. Zoning Hearing Board of Lower Merion Township*, 19 Pa. Commonwealth Ct. 63, 339 A.2d 612 (1975).

The issue before us, therefore, is whether or not Radnor has suffered an unnecessary hardship, which is substantial and of compelling force, as a result of a *portion* of its property being zoned R-3. *See Magrann v. Zoning Board of Adjustment*, 404 Pa. 198, 170 A.2d 553 (1961).

The mere fact that, under different zoning regulations, Radnor could expand its business so as to increase its economic advantage, does not constitute an unnecessary hardship and does not require the grant of a variance. *Berger v. Zoning Hearing Board of Cheltenham Township*, 54 Pa. Commonwealth Ct. 405, 422 A.2d 219 (1980). We have consistently held that mere economic hardship will not support the grant of a variance except where the zoning regulations render the applicant's property practically valueless, *Commissioners of Plymouth Township v. Wannop*, 13 Pa. Commonwealth Ct. 237, 320 A.2d 455 (1974), which is certainly not the case here, where the lot is improved with a 21,000 square foot office building and 60 parking spaces.

Radnor also challenges the substantive validity of the R-3 zoning for a portion of the property arguing that the dual-zoning of its lot has resulted in the confiscation of its property without compensation and is consequently invalid. Inasmuch as we have already determined that Radnor's property is presently being

used for the office building and parking spaces, and there is no evidence in the record to support Radnor's allegation of confiscation, we believe that the Board correctly denied the challenge to the substantive validity of the ordinance.

We will, therefore, affirm the order of the Board.

ORDER

AND Now, this 6th day of July, 1983, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.