Nicholas S. Vacca and Jennie C. Vacca, his wife, Appellants *v.* The Zoning Hearing Board of the Borough of Dormont et al., Appellees.

Argued March 16, 1984, before Judges CRAIG, BARRY and PALLADINO, sitting as a panel of three.

*George H. Hoffman,* for appellants.

*Phillip D. Paull,* with him, *Jack W. Plowman, Plowman and Spiegel,* for appellees.

OPINION BY JUDGE CRAIG, May 2, 1984:

Nicholas and Jennie Vacca appeal an order of the Court of Common Pleas of Allegheny County which affirmed the Dormont Borough Zoning Hearing Board's denial of their application for a use variance.

We must determine[1] whether the board failed to render a timely decision and to give prompt notification of it to the applicant, and whether the court correctly concluded that the applicants did not carry their burden of proving unnecessary hardship.

---

[1] Where, as here, the trial court has taken additional evidence, our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Immordino v. Zoning Hearing Board of Morrisville Borough,* 65 Pa. Commonwealth Ct. 79, 441 A.2d 818 (1982).

The property, a lot at 3315 West Liberty Avenue, contains a two-story building designed as a single-family home. It is located in an R-1A zone which permits single-family residences only.

In February, 1979, Fred Gualtieri purchased the property for $42,900 for investment purposes. Shortly thereafter he applied for a variance to permit commercial use of the property. The Dormont Zoning Hearing Board denied his request and Gualtieri appealed to the Court of Common Pleas of Allegheny County.

On October 31, 1979, Gualtieri sold the property to Nicholas and Jennie Vacca for $50,000. The Vaccas also applied for a use variance, and the final board hearing was held on February 21, 1980. On April 3, 1980, the borough secretary mailed to the Vaccas the board's decision which was dated April 1, 1980, but was not signed. The members of the zoning hearing board signed the decision on April 17, 1980, and the Vaccas filed a notice of appeal with the Common Pleas Court of Allegheny County on April 30, 1980. The board received the court's certiorari on May 3, 1980, and returned its record on June 16, 1980.

The court ordered the Gualtieri and Vacca appeals consolidated, and a court-appointed referee heard the case on July 8, 1980. On December 11, 1981, the referee filed his proposed adjudication affirming the denial. This appeal is from the court's adoption of the referee's decision.

The Vaccas first argue that their appeal should be sustained because the Dormont Zoning Hearing Board did not comply with various procedural provisions of the Pennsylvania Municipalities Planning Code.[2] They initially claim that the board did not render a

---

[2] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §§10101-11-108A.

timely decision as required by section 908(9) of the Code which provides, in part:

> The board . . . shall render a written decision . . . within forty-five days after the last hearing before the board . . . . Where the board fails to render the decision within the period required by this subsection . . . the decision shall be deemed to have been rendered in favor of the applicant.

53 P.S. §10908(9).

The Vaccas contend that the decision was not actually *rendered* until the members of the board signed it on April 17, 1980, fifty-five days after the last hearing. Therefore, they conclude, the decision should be deemed to be in favor of the applicant.

This court has addressed similar issues on two occasions. In *Packard v. Commonwealth,* 57 Pa. Commonwealth Ct. 322, 426 A.2d 1220 (1981), we held that a letter which notified the property owner that his application was denied, and which was signed by the solicitor for the zoning board but not by any members of the board, was not so procedurally defective as to negate the validity of the decision. Although that case arose under a local ordinance,[3] the court found that the distinction between mandatory and directory provisions in section 908(9) of the Code, *see Morgan v. Zoning Hearing Board of Lower Salford Township,* 3 Pa. Commonwealth Ct. 362, 283 A.2d 95 (1971), was equally applicable to the policies of the local zoning code.

*Hill v. Lower Saucon Township Zoning Hearing Board,* 72 Pa. Commonwealth Ct. 381, 456 A.2d 667

---

[3] Section 1602(c) of the Upper Macungie Township Zoning Ordinance provided that "[e]ach decision shall also bear the signature of the majority of the members of the Board on the original thereof." *Id.* at 324 n. 2, 425 A.2d at 1221 n. 2.

(1983), involved similar circumstances arising under the Pennsylvania Municipalities Planning Code. We held there. that a written decision was not made a nullity by the fact that it was signed only by the board's solicitor. We stated:

> Under section 908(9) of the MPC, a zoning decision must be by either a zoning board or a hearing officer. Although section 908(9) requires that decisions be in writing, there is nothing in that section to indicate who must sign a decision, or even that a decision must be signed at all.

*Id.* at 385, 456 A.2d at 669.

Similarly, the fact that the board here did not confirm the written decision by signatures until later did not prevent it from being "rendered" before its issuance, within the forty-five day period.

The Vaccas' second procedural argument is that the board failed to provide them with prompt notification of its decision as required by section 908(10) of the Code which provides, in part:

> A copy of the final decision . . . shall be delivered to the applicant personally or mailed to him not later than the day following its date.

53 P.S. §10908(10).

The decision was dated April 1, 1980, but was not mailed until April 3, 1980. However, in *Heisterkamp, III v. Zoning Hearing Board of the City of Lancaster,* 34 Pa. Commonwealth Ct. 539, 383 A.2d 1311 (1978), we held that section 908(10) is merely directory rather than mandatory, and the board's failure to comply strictly with its terms does not require a decision in the applicant's favor.

The third procedural contention is that the decision must be deemed to be in the applicant's favor because the board did not file. the record with . the court of

common pleas within twenty days after receipt of certiorari notice, as required by section 1008(2) of the Code, 53 P.S. §11008(2).

However, in *Appeal of Crossley,* 60 Pa. Commonwealth Ct. 351, 432 A.2d 263 (1981), we held that section 1008(2) is also directory rather than mandatory, and that without an express legislative declaration of deemed approval, procedural tardiness does not result in a favorable decision for the applicant. *See also Beekhuis v. Zoning Hearing Board of Middletown Township,* 59 Pa. Commonwealth Ct. 307, 429 A.2d 1231 (1981) (sixty-day maximum delay provision of section 1004(2) of the Code contains no deemed approval language and is therefore merely directory).

Turning to the merits of the case, we note that, in order to obtain a variance, the applicant must sustain the heavy burden of proving (1) that the ordinance imposes unnecessary hardship on the property; (2) that the hardship stems from unique physical characteristics of the property; (3) that the variance would not adversely impact on the health, safety or welfare of the general public; (4) that the hardship was not self-inflicted; and (5) that the variance sought is the minimum that will afford relief. *Solow v. Zoning Hearing Board of Borough of Whitehall,* 64 Pa. Commonwealth Ct. 414, 440 A.2d 683 (1982); 53 P.S. §109-12.

The Vaccas presented evidence indicating that a substantial portion of the neighborhood is currently being used commercially, and that their property is adjacent to a church on one side and a church parking lot on the other. The property faces a heavily traveled roadway which forms the boundary between the Borough of Dormont and the Township of Mt. Lebanon. The property across the avenue in Mt. Lebanon is zoned for commercial use. However, the area behind the Vacca property is entirely residential.

In *Valley View Civic Association v. Zoning Board of Adjustment,* 67 Pa. Commonwealth Ct. 233, 446 A.2d 993 (1982), this court noted that the use of adjacent and surrounding land is unquestionably relevant to the issue of unnecessary hardship, but "is not conclusive, *absent a showing that the property is rendered practically valueless as zoned." Id.* at 237, 446 A.2d at 995 (emphasis in original). The Supreme Court reversed our decision, holding that the property owner was not required to produce evidence that attempts to sell the property were unsuccessful in order to sustain the burden of proving that the property, as zoned, was practically valueless.

> This court has never held that a property owner seeking a variance must present direct evidence as to the value of the property zoned. . . . While evidence of the owner's inability to sell his property has unquestionable value, it would be unreasonable to force a property owner to attempt to sell as a prerequisite to the grant of a variance.

*Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 558-59, 462 A.2d 637, 641-42 (1983).

Unlike *Valley View,* the evidence in this case established that, at the time of the board hearing, the Vaccas were renting the property to residential tenants for $475 a month, and that the property was still being used as a single-family rental property at the time of oral argument before this court. Thus, it is clear that, far from being "practically valueless as zoned," the property can be, and is actually being put to a reasonable use as zoned.

The Vaccas complain that the monthly rental is too low to justify their investment. However, we have repeatedly held that economic difficulty alone is in-

sufficient, and the fact that the property would provide a better return on investment if used in conformity with the proposed variance does not justify the grant of the variance. *Radnor Industries v. Zoning Hearing Board of Radnor Township,* 75 Pa. Commonwealth Ct. 397, 461 A.2d 1343 (1983).

The mere fact that an applicant has purchased property with knowledge of its zoning classification does not mean that a variance must be denied on a theory of self-inflicted hardship. *Zoning Hearing Board of Bensalem Township v. Grace Building Co., Inc.,* 39 Pa. Commonwealth Ct. 552, 558, 395 A.2d 1049, 1052 (1979); R. S. Ryan, *Pennsylvania Zoning Law and Practice* §6.2.13 (Supp. 1982). However, the Vaccas, who are in the real estate business, agreed to purchase this property for $50,000, less than five months after their predecessor had paid $42,900 for it, and specifically conditioned the purchase on preservation of the seller's appeal from the board's denial of his requested variance. Hence, the history here is similar to that in *Appeal of Gro,* 440 Pa. 552, 269 A.2d 876 (1970), where the Supreme Court held:

> Only in a case such as this, which arises after the property has been sold to a new owner who has paid a high price for the property because he assumed that a variance which he anticipated would justify his price, do we hold that the owner can now prove that the hardship which burdens his land was unnecessary rather than self-inflicted.

*Id.* at 560, 269 A.2d at 880-81. *Accord, Board of Commissioners of Township of Robinson v. Samdoz, Inc.,* 62 Pa. Commonwealth Ct. 433, 436 A.2d 1246 (1981).

Therefore, we find no abuse of discretion, nor error of law in the trial court's decision, and accordingly affirm.

### Order

Now, May 2, 1984, the orders of the Court of Common Pleas of Allegheny County, dated January 21, 1982, and May 4, 1982, at SA 442 of 1980 and SA 646 of 1980, respectively, are affirmed.