547 A.2d 846

Pocono Sales Corp., Appellant *v.* Bear Creek Township et al., Appellees.

Argued April 19, 1988, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Ronald M. Lucas, Tive, Hetrick & Pierce, P.C.* for appellant.

*Glenn G. Yanik,* with him, *Peter J. Hoegen, Jr., Hoegen, & Marsh,* for appellee.

OPINION BY JUDGE CRAIG, September 20, 1988:

Pocono Sales Corporation appeals a decision of the Court of Common Pleas of Luzerne County, dismissing Pocono's complaint in mandamus, and refusing to find that Pocono's application to the Zoning Hearing Board of Bear Creek Township must be deemed to be approved.

This appeal presents two issues. The first issue is whether Pocono amended its application to eliminate an area of the proposed development contained in an S-1 district. The second issue is whether the board, by simply preparing a decision that was dated forty-four days after the hearing, but was not delivered to the applicant until ninety-seven days after the hearing had "rendered a written decision" within forty-five days as required by section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(9).

Because we conclude that Pocono did amend its application to withdraw the application regarding the S-1 portion of the land, we affirm the trial court on that issue. However, because we conclude that the board failed to render a written decision within forty-five days regarding the portion of the property in the A-1 district, Pocono's application must be deemed to be approved, and we reverse on that point.

The facts are not in dispute. On September 1, 1981, Pocono filed an application with the Bear Creek Township Zoning Hearing Board, requesting approval of the board to build a private camping area on a 538 acre tract of land. Part of the land, 168 acres, is located in a district zoned A-1, with the remainder of the 538 acres located in an S-1 district.

Before proceeding to the zoning hearing board, Pocono appeared before the Bear Creek Township Planning Commission, on September 30, 1981. At that time the planning commission, although having no power to

do so, voted to deny Pocono's application regarding the S-1 portion of the land, because, under the township zoning ordinance, a commercial recreational facility is not a permitted use or one permitted by special exception in the S-1 district.

On October 28, 1981, Pocono appeared before the zoning hearing board for the consideration of its application. The board members indicated to Pocono that they were going to consider its application only for the A-1 portion of the land. During the hearing, Pocono limited its presentation to its application for a special exception for acres contained in the A-1 section.

On November 25, 1981, the board voted to deny Pocono's application relating to the A-1 portion of the land. On January 29, 1982, Pocono's counsel contacted the board's solicitor to inquire about the status of Pocono's application. On February 2, 1982, the board's solicitor mailed a copy of a decision dated December 11, 1981, reflecting the board's November 25, 1981 denial of Pocono's application for a special exception in the A-1 portion of land.

Pocono filed a complaint in mandamus asserting that its entire original application must be deemed to be approved under section 908(9) of the MPC. Specifically, Pocono asserted, as it does now, that the application for the S-1 portion is deemed to be approved because the board failed to conduct a hearing on that matter within sixty days. With respect to the A-1 portion of the land, Pocono contends that the board failed to render a written decision within forty-five days.

The trial court concluded that, because Pocono had withdrawn its application regarding the S-1 portion, it was not entitled to a deemed approval. The trial court also concluded that because the decision was dated December 11, 1981, forty-four days after the hearing, the board had rendered a written decision within forty-five days.

Where, as here, the trial court has taken additional evidence, our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Immordino v. Zoning Hearing Board of Morrisville Borough,* 65 Pa. Commonwealth Ct. 79, 441 A.2d 818 (1982).

### 1. Application for tract of land in S-1 district

Section 908(9) of the MPC provides:

Where the board . . . fails to hold the required hearing within sixty days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant.

There is no dispute that the zoning hearing board never conducted a hearing on the S-1 portion of Pocono's application. However, the trial court concluded that Pocono withdrew the S-1 portion of the application when it appeared before the board on October 25, 1981.

As indicated above, when Pocono appeared before the planning commission, on September 30, 1981, the *commission* voted to deny Pocono's application to the zoning hearing board for a special exception regarding the S-1 portion of the land, although the commission had no power to render a decision on an application to the zoning hearing board. *Heck v. Zoning Hearing Board for Harveys Lake Borough,* 39 Pa. Commonwealth Ct. 570, 397 A.2d 15 (1979).

When Pocono appeared before the board, the following discussion took place.

BY MR. HENDRZAK: Mr. Seitz, Mr. Gerson, you want to come forward please? I address the following question to both Mr. Lon Seitz of Spotts, Stevens and McCoy, the consulting engineers for Pocono Sales Corporation and to Mr.

Donald Gerson who has been appearing on their behalf. Gentlemen, do you desire to proceed with that portion of your application which pertains to the land in the A-1 or Agricultural District?

BY MR. GERSON: Yes.

BY MR. HENDRZAK: And, of course, the reason for my question is that if you recall at the last meeting I had ruled as Chairman and there was a motion duly passed that that particular portion of your land which was in the S-1 district did not qualify for approval. It just wasn't permitted, so you do desire to proceed with that portion of your land which is in the A-1 district?

BY MR. GERSON: Yes.

. . . .

BY MR. GERSON: First, our application stands and speaks for itself.[1] It has been duly filed and I am sure Mr. Wasilewski has a copy which has been forwarded to you gentlemen. Our purpose this evening pursuant to your instructions, is to receive permission from the Board in the A-1 district, and we have new maps on that to delineate it, for use of that district or that land for recreational vehicle camp site development.

BY MR. GERSON: We are applying as your ordinance states. Uses requiring Board approval. We are stating the use that we intend to put this piece of land to which requires your approval.

BY MR. HENDRZAK: All right, are you satisfied Mr. Morris?

BY ATTY. MORRIS: Yes.

---

[1] Pocono's application to the board does request approval to build campgrounds on land located in both A-1 and S-1 districts.

BY MR. HENDRZAK: All right, you may proceed.

BY ATTY. MORRIS: Excuse me Mr. Chairman.

BY MR. HENDRZAK: Yes.

BY ATTY. MORRIS: In light of the stipulation of the applicant that it is applying for a recreational use—commercial within the A-1 area, that the power of the Board to hear this is specifically delineated because it has been called a special exception by virtue of it being a specified use within those listed uses requiring Board approval, as a special exception under Section 8.42 on page 34 of the ordinance.

. . . .

BY MR. HENDRZAK: Based upon the advice of our Solicitor, John Morris, the Board will treat the application of Pocono Sales Corporation as an application for a special exception to permit public recreational facilities and use within an A-1 district.

BY ATTY. MORRIS: Recreational use—commercial.

BY MR. HENDRZAK: Well, the application states that the proposed use of land is recreational vehicle, campers, camp site membership park, and the first paragraph of the attached exhibit from the applicant states, 'we respectfully request that the 538, more or less, acreage tract of land owned by Pocono Sales Corporation, located in zoning district A-1 and S-1, receive Board approval to permit public recreational facilities and use', and the first sentence of the second paragraph states, 'we propose to develop a public recreational facility that will be operated on membership basis'.

BY ATTY. MORRIS: Well, Mr. Chairman what I am saying is, that there has been a stipulation at this meeting that it is an application for a residential use—commercial within A-1.

BY MR. HENDRZAK: Not residential.

BY ATTY. MORRIS: Recreational, and that the applicant stipulated to that, that whether or not an objection is to be taken at a future time because of the form of the application, or that parties here in favor of or opposed, may raise that issue, is another problem. I'm just talking about the proper procedure to be followed.

Based on these statements, and Pocono's failure to indicate at any time during the hearing that it wished to pursue the S-1 portion of its application, we conclude that the trial court did not abuse its discretion in concluding that Pocono had withdrawn its application as to the S-1 portion of the land.

### 2. Application for tract of land in A-1 district

Section 908(9) of the MPC provides:

The board . . . shall render a written decision . . . within forty-five days after the last hearing before the board . . . . Where the board fails to render the decision within the period required by this subsection, . . . the decision shall be deemed to have been rendered in favor of the applicant.

Pocono contends that, because it did not receive written notice of the board's decision until ninety-seven days after the hearing, its application should be deemed to be approved.

The pivotal issue is what is meant by the phrase "render a written decision." The trial court determined that, because the decision was dated December 11, 1981, forty-four days after the hearing, the board fulfilled the requirements of section 908(9) of the MPC.

We have discussed this issue in previous cases. In *Vacca v. Zoning Hearing Board of Borough of Dormont*, 82 Pa. Commonwealth Ct. 192, 475 A.2d 1329 (1984), cited in the trial court's opinion, the borough secretary sent the applicants a decision letter within the required forty-five days; however, the members of the board did not sign it until after the forty-five days had expired. We held that the failure of the board to confirm the written decision by signatures until later did not prevent it from being "rendered" within the forty-five day period. *Id.* at 196, 475 A.2d at 1331.

Another case which considered the meaning of "render a written decision" is *Stump v. West Manchester Township Zoning Hearing Board,* 102 Pa. Commonwealth Ct. 444, 518 A.2d 889 (1986). In that case, the board published its decision in a newspaper of general circulation, but never sent the applicants a notice of the decision. This court stated that "the board's publishing of its decision satisfied the requirement that it timely 'render' a written decision, and the board's failure to send that decision to the landowners did not invoke a deemed decision in their favor." *Stump,* 102 Pa. Commonwealth Ct. at 448-49, 518 A.2d at 891.

Both of those cases are distinguishable from this case because in those cases the board *communicated* a written decision within the forty-five day period. In *Vacca,* the board sent out a timely written decision, and in *Stump* the board communicated the decision by publishing it in a newspaper five days after the hearing. In this case, no written decision of the board was sent until ninety-seven days after the hearing.

The requirement that the board render a written decision ensures that timely written notice of the board's decision is given to prevent delay. If we allowed a board to draft a written decision and keep it secret, then the policy of conveying useful notice would be ut-

terly frustrated. The rule of statutory construction, 1 Pa. C. S. §1922(1), requires us to assume:

> That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.

In *Stump,* we stated that "the MPC leaves no doubt that the board must 'render' its decision within the forty-five day period; the use of the term 'render' with respect to a decision means, at the least, to 'issue' it or, according to one dictionary meaning of the word, to 'transmit' it." *Id.* at 448, 518 A.2d at 891.

Therefore, we conclude that, to comply with the requirements of the MPC, a board must communicate a written decision, by transmitting it in some reasonable manner within forty-five days. In this case, the board failed to transmit the written decision within forty-five days. Therefore, Pocono's application regarding the A-1 portion of the land must be deemed to be approved.

Accordingly, we affirm the decision of the trial court with respect to Pocono's application for the land in the S-1 district, and we reverse with respect to Pocono's application for the land in the A-1 district. Pocono's application for the land in the A-1 district is deemed to be approved.

## ORDER

Now, September 20, 1988, the order of the Court of Common Pleas of Luzerne County, at No. 1006-C of 1982, dated September 3, 1987, is affirmed in part and reversed in part, and accordingly, Pocono's application for the land in the A-1 district is deemed to be approved.