573 A.2d 1165

T.R. ROLLASON, INC., Thomas R. Rollason, II, and Saundra G. Rollason, Appellants,

v.

WEST HANOVER TOWNSHIP BOARD OF SUPERVISORS, Appellee.

T.R. ROLLASON, INC., Appellant,

v.

WEST HANOVER TOWNSHIP ZONING HEARING BOARD, Appellee.

Salem M. ESSIS, Francis L. Zingone, James A. Perry and Bret A. Matz

v.

ZONING HEARING BOARD OF WEST HANOVER TOWNSHIP and T.R. Rollason, Inc.

Appeal of T.R. ROLLASON, INC.

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 1989.

Decided April 10, 1990.

Reargument Denied June 1, 1990.

Ronald M. Lucas, Tive, Hetrick & Pierce, P.C., Harrisburg, for appellant.

P. Daniel Altland, Cleckner and Fearen, with him, F.R. Martsolf, Martsolf and Bratton, Harrisburg, for appellees/protestants and West Hanover Tp. Zoning Hearing Bd.

Before CRAIG and BARRY, JJ., and BARBIERI, Senior Judge.

## OPINION

BARRY, Judge.

These are consolidated appeals from two orders of the Court of Common Pleas of Dauphin County. The first order affirms the decision of the West Hanover Township Zoning Hearing Board (zoning board) rejecting the preliminary land development plan (preliminary plan) of appellants, T.R. Rollason, Inc., Thomas R. Rollason, II, and Saundra G. Rollason (hereinafter collectively referred to as the Rollasons) proposing the development of the Cedar Ridge Mobile Home Park in West Hanover Township. The second order appealed from affirms the decision of the West Hanover Township Board of Supervisors (supervisors) finding that the Rollasons' failure to submit a final plan within one year

of a deemed approval of the preliminary plan rendered the deemed approval null and void.

The factual history of this case is complex. On April 18, 1985, the Rollasons submitted their preliminary plan along with filing fees to the West Hanover Township Planning Commission (planning commission). On August 1, 1985, the planning commission unanimously voted to recommend to the supervisors that the preliminary plan be disapproved because of an inadequate water supply, an inadequate sewerage system and the lack of an agreement as to participation in road improvements. On August 5, 1985, the supervisors voted unanimously to disapprove the Cedar Ridge Mobile Home Park preliminary plan. On August 13, 1985, the township's solicitor sent a letter to the Rollasons informing them that the supervisors had rejected the preliminary plan. Although the letter set forth the basic reasons underlying the rejection, the letter failed to cite the specific statutory or ordinance provisions relied upon by the supervisors. This was in violation of Section 508(2) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10508(2) (Section 508(2) of the MPC). Because of the failure to comply with Section 508(2) of the MPC, the Rollasons' counsel, by letter dated November 15, 1985, requested the planning commission to acknowledge that the preliminary plan was deemed approved as provided for in Section 508(3) of the MPC. By letter dated November 22, 1985, the solicitor agreed with Rollasons' counsel that a deemed approval had occurred with regard to the preliminary plan.

On March 3, 1986, appellees Salem M. Essis, Francis L. Zingone, James A. Perry and Bret A. Matz (protestants), all of whom are residents of West Hanover Township, filed a notice of appeal of the deemed approval with the zoning board. On March 13, 1986, the Rollasons filed a petition to post bond in the Court of Common Pleas of Dauphin County alleging that the March 3, 1986, appeal was untimely, frivolous and for the purpose of delay. After hearing, the

petition to post bond was denied.  *T.R. Rollason, Inc. v. Essis*, 106 Dauph. 482 (1986).

On June 10, 1986, the zoning board heard limited testimony on the protestants' appeal of the deemed approval. The zoning board determined that the parties were properly before it, that the appeal was timely and that a deemed approval of the preliminary plan had occurred. On July 8, 1986, the protestants filed an appeal to the Court of Common Pleas of Dauphin County challenging the zoning board's failure to consider their contention that the preliminary plan did not comply with West Hanover Township's zoning ordinances. The Rollasons intervened in the appeal and filed their own appeal challenging the zoning board's findings that the protestants were "aggrieved" and that the appeal to the zoning board was timely. These appeals were consolidated and the trial court, by order dated April 22, 1987, affirmed the zoning board's determinations that protestants were aggrieved and that the appeal by protestants was timely. The court, however, reversed the zoning board's determination that protestants' appeal was limited to whether the deemed approval was proper and the trial court remanded the matter for consideration of the merits of protestants' appeal. A hearing was held by the zoning board on June 30, 1987.

In the interim, on February 18, 1987, the Rollasons delivered a final land development plan (final plan) to the supervisors. The required fees were paid on March 10, 1987. On April 6, 1987, the supervisors declared the Rollasons' preliminary plan null and void pursuant to Section 406.1 of the West Hanover Township's Subdivision and Land Development Ordinance (Section 406.1 of the ordinance), which mandates that the approval of a preliminary plan becomes null and void if a final plan is not submitted within 12 months following approval of the preliminary plan. The Rollasons appealed this decision to the Court of Common Pleas of Dauphin County, which upheld the determination of the supervisors by order dated December 28, 1988. A

timely appeal from this order was filed in this court at No. 35 C.D.1989.

Meanwhile, the zoning board issued a written decision rejecting the preliminary plan for failure to comply with various sections of the township's ordinances relating to street widths and sewage systems. (The preliminary plan was rejected originally by the zoning board for inadequate water supply, inadequate sewerage systems and lack of participation in road improvements). An appeal of this decision was filed and it was affirmed by order of the Court of Common Pleas of Dauphin County dated December 6, 1988. Two separate appeals from this order were taken by the Rollasons (in their separate capacities as applicants and intervenors in the proceedings below) to this court at Nos. 50 and 51 C.D. 1989. All three of the appeals (Nos. 35, 50 and 51 C.D.1989) were consolidated for our review.

The issues presented for resolution [1] are: (1) Whether the trial court erred in finding that the protestants' appeal from the deemed approval was timely; (2) Whether, on appeal from a deemed approval of a preliminary plan, protestants can raise issues not raised in the governing body's denial of the preliminary plan or in the protestants' notice of appeal; and (3) Whether the final plan was timely filed. Because we believe our resolution of the third issue renders the other issues moot, we limit our review to that issue.

Section 406.1 of the 1975 ordinance in effect in West Hanover Township when the Rollasons filed their preliminary plan in April 1985 provided:

> The applicant shall, not later than one (1) year after the date of approval of the Preliminary Plan or a Development Master Plat, for the portion he plans to develop, file with the commission a Final Plat. Failure to comply with the time limitation herein provided shall make the approval of the Preliminary Plat null and void unless an exten-

---

1. Our scope of review is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Vacca v. Zoning Hearing Board of the Borough of Dormont,* 82 Pa.Commonwealth Ct. 192, 475 A.2d 1329 (1984).

sion of time is requested by the applicant and approved by the Board of Supervisors.[2]

The parties to this appeal urge different starting dates for the one year period contained in Section 406.1 of the ordinance. The Rollasons argue that the deemed approval occurred on November 22, 1985, and when combined with a 113 day stay [3] of proceedings mandated by the protestants'

2. On November 18, 1985, West Hanover Township adopted a new ordinance, repealing the 1975 ordinance. Section 406.1 of the 1985 ordinance states:

   The applicant shall, not later than twelve (12) months after the date of approval of the Preliminary Plat, for that portion he intends to develop, file with the Township's Code Enforcement Officer, a Final Plat. Such filing shall include as part of the formal subdivision all the material and other data listed in Section 401.1a(1) through 407.1a(19) of this Ordinance. Failure to comply with the time limitation herein provided shall make the approval of the Preliminary Plat null and void unless an extension of time is granted in accordance with Section 404.9 herein.

   Section 508(4)(i) of the MPC provides:

   From the time an application for approval of a plat, whether preliminary or final, is duly filed as provided in the subdivision and land development ordinance, and while such application is pending approval or disapproval, no change or amendment of the zoning, subdivision or other governing ordinance or plan shall affect the decision on such application adversely to the applicant and the applicant shall be entitled to a decision in accordance with the provisions of the governing ordinances or plans as they stood at the time the application was duly filed. In addition, when a preliminary application has been duly approved, the applicant shall be entitled to final approval in accordance with the terms of the approved preliminary application as hereinafter provided. However, if an application is properly and finally denied, any subsequent application shall be subject to the intervening change in governing regulations.

   Based upon our reading of Section 508(4)(i) of the MPC, the 1975 ordinance is applicable to this action. In the final analysis, the result we reach in this action would be the same even if the 1985 ordinance applied.

3. The Rollasons claim only that they are entitled to a stay for the 113 days that the protestants' appeal was pending before the zoning board. *See* Section 916 of the MPC, formerly 53 P.S. § 10916, repealed by the Act of December 21, 1988, P.L. 1329. (Similar language is now found in Section 915.1 of the MPC, 53 P.S. § 10915.1.) Specifically, the Rollasons do not contend that they are entitled to a stay of proceedings until final resolution of the deemed approval issue by the judicial system. On the other hand, the Board contends that no stay of the proceedings occurred. The trial court assumed that the Rollasons were entitled to the 113 day stay without determining whether the

appeal of the deemed approval to the zoning board (from March 3, 1986 [date appeal filed] through June 24, 1986 [date of Board's denial of protestants' appeal] ), yields a starting date of March 15, 1986 (November 22, 1985 plus 113 days). Since the final plan was submitted and all fees paid by March 10, 1987, the Rollasons contend that the submission of the final plan was timely. In contrast, the supervisors suggest a starting date of July 18, 1985, the alleged date of the deemed approval. Since the final plan was not filed until March 10, 1987, the Board argues that the deemed approval was rendered null and void by operation of Section 406.1 of the ordinance.[4]

The Rollasons' conclusion that the deemed approval occurred on November 22, 1985, is premised upon a finding that the beginning of the 90 day deemed approval period was August 1, 1985 and not April 18, 1985. This argument is contingent, in part[5], upon a finding that the Rollasons submitted a substantially revised preliminary plan on August 1, 1985. The trial court rejected this argument and we agree. There is no evidence of record which would support a finding that the Rollasons submitted a substantially revised preliminary plan on August 1, 1985. The only evidence of record establishes that August 1 was simply the last date on which the planning commission considered the preliminary plan originally submitted for

MPC authorized such a stay as a matter of law. Because we agree with the trial court's analysis, it is not necessary for us to decide the question of whether the Rollasons were entitled to such a stay under the MPC.

4. For the reasons that follow, we reject the supervisors' argument that the deemed approval occurred on July 18, 1985, the 91st day after the Rollasons filed their preliminary plan. The supervisors' argument ignores the trial court's finding that a three week extension of the 90 day period provided for in Section 508 of the MPC was requested by the Rollasons and granted by the planning commission.

5. The Rollasons argument is also dependent upon a finding that a deemed approval occurred on November 22, 1985 because that is the date of the letter from the solicitor informing Rollasons' counsel of the solicitor's agreement that a deemed approval had occurred. As aptly noted by the supervisors, however, a deemed approval occurs by operation of law and is not dependent upon whether a solicitor acknowledges that such a deemed approval has occurred.

approval on April 18, 1985. Accordingly, Rollasons' reliance upon *Wiggs v. Northampton County Hanover Township Board of Supervisors,* 65 Pa.Commonwealth Ct. 112, 441 A.2d 1361 (1982) and *DePaul Realty Company v. Borough of Quakertown,* 15 Pa.Commonwealth Ct. 16, 324 A.2d 832 (1974), is misplaced. Each of those cases requires that substantial revisions to the preliminary plan be made in order to extend the 90 day period within which the governing body may act. Since the trial court's finding that the deemed approval period began on April 18, 1985 is supported by substantial evidence, we will not disturb that finding on appeal.

█ Having found that the preliminary plan was filed on April 18, 1985, the trial court further found that the one year provision of Section 406.1 of the ordinance expired prior to the filing of the Rollasons' final plan in 1987. Pursuant to Section 508 of the MPC, a decision on the preliminary plan was required within 90 days of April 18, 1985. This 90 day period was extended for three weeks, however, at the request of the Rollasons. Consequently, the planning commission properly deliberated the preliminary plan at its regular meetings of April 18, May 16 and June 20, 1985 and at its special meeting on August 1, 1985. The planning commission's recommendation that the preliminary plan be disapproved was placed before the supervisors at its August 5, 1985 meeting. At that time, the supervisors disapproved the preliminary plan. The supervisors' disapproval occurred 109 days after the filing of the preliminary plan on April 18, 1985. Under the facts of this case, the disapproval was timely as it occurred within 90 days plus three weeks of April 18, 1985.

█ Notice of the disapproval was sent to the Rollasons by letter dated August 13, 1985, which was within the fifteen day period during which the decision had to be communicated to the Rollasons under Section 508(1) of the MPC. Since this letter failed to comply with Section 508(2) of the MPC, however, a deemed approval occurred on

August 21, 1985,[6] the day after the last day on which the Board could have communicated its disapproval of the preliminary plan under the MPC. Even if the 113 day stay of proceedings proposed by the Rollasons is added to this date, the one year period of Section 406.1 of the ordinance began to run on December 13, 1985 and expired on December 13, 1986. Since the final plan was not delivered until February 18, 1987, it was untimely and rendered the deemed approval null and void by operation of Section 406.1 of the ordinance.

For the foregoing reasons, we affirm the order of the Court of Common Pleas of Dauphin County affirming the decision of the West Hanover Township Board of Supervisors declaring the Rollasons' preliminary development plan null and void pursuant to Section 406.1 of the ordinance at No. 35 C.D.1989. In turn, the Rollasons' appeals at No. 50 and 51 C.D.1989 are dismissed as moot.

## ORDER

NOW, April 10, 1990, the order of the Court of Common Pleas of Dauphin County, dated December 28, 1988, at No. 1909–S–1987, is affirmed. The appeals of T.R. Rollason, Inc., Thomas R. Rollason, II and Saundra G. Rollason from the order of the Court of Common Pleas of Dauphin County, dated December 6, 1988, at No. 4210–S–1987, are dismissed as moot.

---

**6.** The trial court actually found that the deemed approval occurred on August 20, 1985, the last day on which the Board could have communicated its disapproval to the Rollasons. The one day difference between August 20 and August 21 does not affect the outcome of this case.