# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Kocher d/b/a John's Auto Body, :
:
Appellant :
:
v. : No. 81 C.D. 2015
:
Zoning Hearing Board of : Submitted: December 7, 2015
Wilkes-Barre Township, Luzerne :
County, Pennsylvania, and :
Wilkes-Barre Township School :
District and George Gale and Tara :
Gale :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**                 **FILED:  February 9, 2016**

John Kocher d/b/a John's Auto Body (Kocher) appeals from the December 16, 2014 order of the Court of Common Pleas of Luzerne County (common pleas) affirming the decision of the Zoning Hearing Board (ZHB) of Wilkes-Barre Township (Township) finding Kocher in violation of the Township's zoning ordinance. Kocher argues on appeal that common pleas erred and/or abused its discretion when it upheld the Township Zoning Officer's finding that Kocher was in violation of Sections 716 J and 716 K of the Township's zoning ordinance. Unfortunately, however, Kocher's initial appeal to the ZHB was untimely, thereby

depriving the ZHB and any subsequent reviewing tribunal of subject matter jurisdiction. Accordingly, we dismiss Kocher's appeal, vacate common pleas' December 16, 2014 order and vacate the ZHB's decision as it lacked jurisdiction over the untimely appeal.

Kocher owns and operates an auto-body shop/salvage/recycling business in the Township on various parcels of real property he has purchased over a series of years. The Township received a number of citizen complaints about Kocher's business. In response to the complaints, the Township's Zoning & Code Enforcement Officer, Thomas Zedolik, inspected the property with the Township Solicitor on December 10, 2013.[1] By letter to Kocher dated December 12, 2013 and sent via certified mail, Zoning Officer Zedolik described the December 10

[1] This was not the first time Kocher's property fell under Zedolik's scrutiny. By letter dated May 30, 2012, Zedolik advised Kocher that the property Kocher recently purchased in the Township is zoned R-2 Residential and that the uses of the property are limited to those listed in the Township's zoning ordinance absent approval by the Township. In a follow up letter dated June 1, 2012, Zedolik stated his understanding that Kocher's business was authorized by a certificate of non-conformance issued in 2002. Zedolik stated further that since 2002 Kocher had purchased other property, substantially expanded his business without the required zoning approvals, and outlined resulting violations that must be addressed. Kocher replied through counsel by letter dated August 17, 2012. Kocher's counsel briefly recapped a meeting at Kocher's business attended by him, Kocher, Zedolik and the Township Solicitor. Kocher's counsel opined after review that the property had been utilized as a non-conforming commercial use for approximately 50 years and that Kocher's use of the property to expand his business from a neighboring property simply continued the pre-existing non-conforming use. The Township Solicitor subsequently advised Zedolik by letter dated August 30, 2012 that he agreed with Kocher's counsel's analysis regarding the non-conforming use. Thereafter, Zedolik addressed a memorandum to the Township advising that he had met with Kocher and various counsel as to complaints received regarding Kocher's business and that as a result "Mr. Kocher's business is not in violation of the townships [sic] zoning ordinance and can continue to operate as is." Zedolik further advised that "[a]nyone can appeal this decision." (Zedolik's September 12, 2012 letter, R.R. at 11a.) There is no record of any appeal of Zedolik's decision including by any party in this case.

inspection and meeting with Kocher, notifying him that "we" concluded that Kocher had expanded his business without complying with the Township's zoning ordinance resulting in violations of Sections 716 J (providing that junk shall not be stored within 150 feet of any adjoining property line or nearer than 100 feet to any adjoining street or abutting street)[2] and 716 K (all junk yards shall be completely screened from view on all sides by a buffer area and the required fence shall meet the required setback distances for the subject Zoning District (M-3)).[3]  (Zedolik's December 12, 2013 letter to Kocher, R.R. at 25a-29a.)  The letter further contains a statement that Kocher had 30 days from the date of receipt of the letter to either appeal the decision to the ZHB or respond in writing about how he intended to address the violations in a timely manner and, that if he failed to respond, a citation would be filed with the District Justice.

Although the certified mail receipt is not part of the record, the record conclusively reflects that Kocher received Zedolik's December 12, 2013 letter on December 13, 2013.  (Zedolik's Notes, R.R. at 34a; ZHB Hr'g Tr., March 11, 2014, at 55-62, 69, R.R. at 78a-79a, 81a; Trial Ct. Hr'g Tr., September 22, 2014 at 39-46, R.R at 130a-31a.)  By letter to Zedolik dated January 10, 2014, Kocher's counsel advised that "if the terms of your December 12, 2013 letter constitute a formal decision by your office, based upon your finding of facts and applying the

---

[2] Section 716 J provides that "Junk shall not be stored within one hundred fifty (150) feet of any adjoining property line or nearer than one hundred (100) feet to any adjoining street or abutting street."  Wilkes Barre Twp., Pa., Zoning Ordinance § 716 J.

[3] Section 716(k) provides that "All junk yards shall be completely screened from view on all sides by a buffer area as so defined in Article 2 of this Ordinance.  The required fence shall [ ] meet the required setback distances for the subject Zoning District."  Wilkes Barre Twp., Pa., Zoning Ordinance § 716 K.

3

zoning law to those facts, thereby creating a 'decision' under the Pennsylvania Municipalities Planning Code, then in such case this letter shall constitute an appeal of your December 12, 2013 letter." (Kocher's Counsel's January 10, 2014 letter to Zedolik, R.R. at 31a.)[4] The January 10 letter further discussed how Kocher proposed to deal with the violations outlined in Zedolik's December 12, 2013 letter. Although the letter from Kocher's counsel is dated January 10, 2014, the record establishes that it was postmarked on January 13, 2014. (Zedolik's Notes, R.R. at 34a; Postmarked Envelope, R.R. at 35a.)

Zedolik received the January 10 letter on January 14, 2014 and responded on January 15, 2014, advising Kocher's counsel that the letter was untimely based on the 30 day appeal period in the Municipalities Planning Code (MPC).[5] However, Zedolik stated further that "[a]fter speaking with [the Township solicitor] I have decided to allow an additional five day period for you to file an appeal on behalf of your client to appear before the [ZHB]." (Zedolik's January 15, 2014 letter to Kocher's Counsel, R.R. at 33a; ZHB Hr'g Tr. at 55-62, 69, R.R. at 78a-79a, 81a.) Kocher filed an Application for Appeal and Hearing on the ZHB's form on January 29, 2014. (Appeal Form, R.R. at 37a-39a.)

The ZHB held a hearing on Kocher's appeal of the December 12, 2013 letter on March 11, 2014. By unanimous vote immediately following the hearing, the

---

[4] The January 10, 2014 letter consists of two pages but only the first is included in the reproduced record. The complete letter is found in the record certified to this Court by common pleas.

[5] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §§ 10101-11202.

ZHB upheld Zedolik's December 12, 2013 decision that Kocher's business was in violation of sections 716 J and 716 K of the Township's zoning ordinance. Kocher appealed. On April 9, 2014, common pleas, pursuant to Section 1003-A(b) of the MPC,[6] 53 P.S. § 11003-A(b), directed the ZHB to certify the record within 20 days. The ZHB on June 13, 2014 filed the certified record along with findings of fact and conclusions of law. Kocher, on July 14, 2014, filed a petition asking common pleas to overrule and dismiss the ZHB's decision on the basis that the ZHB failed to certify the record to the court within 20 days, seeking a stay of the ZHB's decision pending disposition of his appeal, and asking common pleas to receive additional evidence. Common pleas convened a hearing on September 22, 2014.

Common pleas heard argument about the necessity for taking additional evidence and Kocher's counsel raised the ZHB's tardy filing of the certified record. After further discussion, common pleas determined to take additional testimony and decide the appeal *de novo*. The timeliness of Kocher's appeal to the ZHB was the subject of argument and testimony.

Common pleas, in an Opinion and Order issued on December 16, 2014 denied Kocher's appeal and affirmed the ZHB's decision upholding Zedolik's finding that Kocher was in violation of Sections 716 J and 716 K of the Township zoning ordinance. Common pleas did not address the timeliness of Kocher's appeal to the ZHB or the effect, if any, of the ZHB's failure to file the certified record within 20 days. This appeal followed.

---

[6] Added by Section 101 of the Act of December 21, 1988, P.L. 1329.

Kocher raises four issues before this Court. He asserts that common pleas applied an incorrect standard of review, and that common pleas erred or abused its discretion in three different ways when it affirmed the ZHB's decision: 1) because there was no basis in the record on which it could do so; 2) because the action underlying the ZHB's decision was barred as an attempt to re-litigate the issue of Kocher's use of his property; and 3) because the ZHB's decision should have been dismissed where the ZHB did not file a certified copy of the record with the trial court within 20 days as required by Section 1003-A(b) of the MPC. In addition, the Township seeks counsel fees from Kocher pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 2744.

We cannot reach these issues because, as we noted earlier, Kocher's appeal to the ZHB was untimely. Section 914.1(b) of the MPC,[7] 53 P.S. § 10914.1(b), provides that "[a]ll appeals from determinations adverse to the landowners shall be filed by the landowner within 30 days after notice of the determination is issued." As described above, the January 10, 2014 letter from Kocher's counsel was received by the zoning officer on January 14, 2014, more than 30 days from Kocher's receipt of the December 12, 2013 letter advising him that his business was in violation of the setback and fencing provisions of the Township's zoning ordinance.[8] Zedolik decided to accept the appeal after a discussion with the Township Solicitor. As noted above, Kocher did not file his Application for

_____

[7] Added by Section 95 of the Act of December 21, 1988, P.L. 1329.

[8] Zedolik's December 12, 2013 letter was received by Kocher on December 13. Thirty days from that date fell on Sunday, January 12, 2014 so an appeal received on Monday, January 13 would be timely. Zedolik received the January 10, 2014 letter that was postmarked January 13 on January 14, 2014, 32 days after Kocher's receipt of Zedolik's letter and one day late.

6

Appeal and Hearing on the ZHB's form until January 29, 2014. To the extent the January 10, 2014 letter would be considered sufficient to toll the appeal period, that letter was received on the thirty-second day, which was one day late. The Application for Appeal was filed 46 days after Kocher's receipt of the December 12, 2013 letter.

Statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. Bass v. Commonwealth, 401 A.2d 1133, 1134 (Pa. 1979); Hudson v. Department of Transportation, Bureau of Driver Licensing, 830 A.2d 594, 598 (Pa. Cmwlth. 2003). Appeals filed beyond the appeal period are untimely and deprive the reviewing tribunal of subject matter jurisdiction over the appeals. Hudson, 830 A.2d at 598. Questions of subject matter jurisdiction may be raised at any time, even on appeal, by the parties, or by the court on its own motion. Id. By permitting Kocher to file a late appeal, the ZHB, through Zedolik, enlarged the appeal period, thereby extending to itself jurisdiction it would not otherwise have. Although Kocher's counsel filed his appeal just one day late, the late filing is a jurisdictional defect that appellate courts may not overlook. Rostosky v. Department of Environmental. Resources, 364 A.2d 761, 763 (Pa. Cmwlth. 1976).[9] Common pleas' review was a nullity as the ZHB lacked jurisdiction over Kocher's initial appeal and we must therefore vacate that Order

---

[9] Notwithstanding that the issue was raised at every level in this litigation, Kocher's counsel never suggested in the alternative that Kocher should be allowed an appeal nunc pro tunc. From the record there do not appear to be any extraordinary circumstances involving fraud or an administrative or judicial breakdown, and neither Kocher nor his counsel suggested that the untimely filing arose from non-negligent circumstances related to Kocher's attorney or to Kocher himself. Bass, 401 A.2d at 1135.

7

and the ZHB's decision accordingly. [10]  We also decline to award the fees sought by the Township.[11]

---

[10] Even if Kocher's appeal to the ZHB had been timely, we would have affirmed common pleas based upon our review of the record.  Where the trial court takes evidence, it hears the matter *de novo*, and our review is limited to determining whether the trial court committed an abuse of discretion or an error of law.  Bailey v. Zoning Board of Adjustment, 780 A.2d 809, 811 n.3 (Pa. Cmwlth. 2001). We find no error in common pleas' review of Kocher's appeal. Common pleas' findings and conclusions of law are not duplicative of the ZHB's.  Some of the findings are based on Kocher's testimony before common pleas and some on the transcript and evidence before the ZHB, all of which were part of the record before the court.  Common pleas in its opinion correctly states that the *de novo* standard applies.  As to Kocher's other assertions of error, we would conclude that: 1) there is substantial evidence in the record to support a finding that Kocher violated the relevant provisions of the zoning ordinance; and 2) Zedolik's December 12, 2013 letter as the action underlying the ZHB's decision was not barred as an attempt to re-litigate the issue of Kocher's use of his property where that use was permitted by Zedolik's September 12, 2012 letter.  Our close reading of all of the correspondence of record supports the conclusion that the discussion leading up to the September 12, 2012 letter was in the context of Kocher's right to continuation of the non-conforming use of his property for the storage and repair of automobiles.  However, the continuation of a non-conforming use does not excuse compliance with the fencing and setback requirements of the zoning ordinance.  With regard to the ZHB's failure to file the certified copy of the record with the trial court within 20 days, this Court has held that the 20 day filing timeframe in the predecessor version of Section 1003-A is directory rather than mandatory.  See Vacca v. Zoning Hearing Board of Borough of Dormont, 475 A.2d 1329, 1331 (Pa. Cmwlth. 1984) (court held that Section 1008(2) is directory rather than mandatory where ZHB did not file the record with the court of common pleas within twenty days, as required by former Section 1008(2) of MPC, 53 P.S. § 11008(2), citing Appeal of Crossley, 432 A.2d 263 (Pa. Cmwlth. 1981)).  Thus, without an express legislative declaration of deemed approval, procedural tardiness does not result in a favorable decision for the applicant. The same result is appropriate here.

[11] We will not award fees here.  First, it is unclear whether it is proper procedure to ask for counsel fees pursuant to Rule 2744 in a brief.  See Pa. Appellate Practice vol. 20A § 2744:10; Pa. R.A.P. 2751 (Applications for Further Costs and Damages).  Second, common pleas heard the matter *de novo* and absent the timeliness issue this Court would be reviewing common pleas' decision – not the ZHB's.  Common pleas did not address all the issues raised by Kocher, such as the 20 day period for filing the record, and thus we cannot say that his appeal is frivolous, or that counsel's conduct is dilatory, obdurate or vexatious.

8

For these reasons, we dismiss Kocher's appeal of the trial court's Order affirming the ZHB's decision finding Kocher in violation of the Township's zoning ordinance. We further vacate the trial court's December 16, 2014 Order and the ZHB's decision as the ZHB lacked jurisdiction over the untimely appeal.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Kocher d/b/a John's Auto Body,  :
 :
     Appellant  :
 :
    v.  : No. 81 C.D. 2015
 :
Zoning Hearing Board of  :
Wilkes-Barre Township, Luzerne  :
County, Pennsylvania, and  :
Wilkes-Barre Township School  :
District and George Gale and Tara  :
Gale  :

## **O R D E R**

**NOW**, February 9, 2016, the appeal of the December 16, 2014 Order of the

Court of Common Pleas of Luzerne County, entered in the above-captioned matter,

is **DISMISSED**. The December 16, 2014 Order is **VACATED** as a nullity and the

decision of the Zoning Hearing Board of Wilkes-Barre Township is **VACATED**

for lack of jurisdiction over the untimely appeal.

        _____
        **RENÉE COHN JUBELIRER, Judge**